**STEDOR ENTERPRISES, LIMITED, Plaintiff–Appellant,**

v.

**ARMTEX, INCORPORATED, Defendant–Appellee.**

No. 91–1705.

United States Court of Appeals, Fourth Circuit.

Argued July 8, 1991.

Decided Oct. 18, 1991.

---

William Ashley Jordan, Jr., Jordan & Jordan, Greenville, S.C., argued (Patricia A. Jordan, Herman E. Cox, on brief), for plaintiff-appellant.

Robert Joseph Clerkin, Hahn & Hessen, New York City, argued (John G. Creech, Andreas N. Satterfield, Jr., Haynsworth, Baldwin, Johnson & Greaves, P.A., Greenville, S.C., on brief), for defendant-appellee.

Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.

## OPINION

WILKINSON, Circuit Judge:

This case presents a question of appellate jurisdiction that is of practical importance to the functioning and effectiveness of the 1988 amendment to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, which is now codified at 9 U.S.C. § 16. The case involves an appeal from a district court order compelling arbitration in an action in which the arbitrability of the dispute was the only issue before the district court. The questions presented are whether we have jurisdiction to hear this appeal and, if we do, whether the district court correctly compelled arbitration. Despite the strong congressional policy against appeals that delay the onset of arbitration, we conclude that we are bound by the statutory language and legislative history of section 16 to entertain this appeal. On the merits, we affirm the district court's order compelling arbitration.

I.

Both parties in this case are experienced businesses in the textile industry. Appellee Armtex, Inc., is a North Carolina textile mill that sells knitted fabrics to the garment industry across the country. Appellant Stedor Enterprises, Ltd., is a South Carolina corporation and a textile manufacturer.

Because the case comes to us on summary judgment for Armtex, we shall take the inferences in the light most favorable to Stedor. From May to September of 1989 Stedor placed by telephone at least four purchase orders with Armtex for significant quantities of fabric. The parties did not negotiate about any subjects except price, quantity, and the date of delivery. Although Stedor never sent to Armtex any written purchase orders or sales contracts for those transactions, Armtex sent Stedor prior to each shipment a written sales contract that confirmed Armtex's order and the sale. Each contract presented the details of the order on the face of the form. Near the top the form reads: "We confirm the following sale: Subject to terms and conditions stated below and on reverse side hereof." At the bottom is the following:

> "IMPORTANT: This confirmation is given subject to all the terms and conditions on the face and reverse sides hereof, including the provisions for Arbitration and exclusion of warranties, all of which are accepted by Buyer, supersedes Buyer's order form, if any, and constitutes the entire contract between Buyer and Seller. This confirmation shall become a contract for the entire quantity specified either (a) when signed and returned by Buyer and accepted by Seller, or (b) when Buyer receives and retains this confirmation without written objection for ten (10) days, or (c) when Buyer accepts delivery of all or any part of the goods hereunder, or (d) when Buyer has given to Seller specifications or assortments, delivery dates, shipping instructions or instructions to bill and hold, or (e) when Buyer has otherwise assented to the terms and conditions hereof."

On the back of each form is a detailed arbitration clause providing that "[a]ny controversy or claim arising under or in relation to this order or contract, or any modification thereof, shall be settled by arbitration." The clause provides that arbitration shall be held before three arbitrators of either the American Arbitration Association or the General Arbitration Council of the Textile and Apparel Industries and is governed by the laws of the state of New York. Although each form states on the front, "PLEASE SIGN AND RETURN COPY TO THE ABOVE PILOT MOUNTAIN ADDRESS," Stedor failed to sign or return any of the forms, and never discussed the arbitration clause with Armtex.

This action arises from the sale by Armtex of certain textile piece goods, at a price of approximately $129,166.60, that were shipped to Stedor in September 1989. Stedor has refused to pay for the fabric because it claims that it was of poor quality and too light in weight for the clothing it intended to make. Stedor has not, however, returned the fabric to Armtex.

On May 15, 1990, Armtex served on Stedor a notice of intention to arbitrate and a demand for arbitration. Stedor responded on June 5 by seeking temporary and permanent injunctions against arbitration in South Carolina state court. After removing the action to the federal district court for the District of South Carolina, Armtex filed an answer opposing issuance of the injunctions and sought an order compelling arbitration under 9 U.S.C. § 4. Armtex did not seek damages for breach of contract or any other legal or equitable relief against Stedor. Upon Armtex's motion for summary judgment, the district court dismissed Stedor's complaint and ordered the parties to proceed with arbitration in South Carolina.

Stedor appealed from this order. Prior to oral argument, Armtex moved to dismiss the appeal for want of appellate jurisdiction. We deferred decision on this motion until oral argument and now address Armtex's jurisdictional claims.

## II.

A brief review of the background of the appealability of district court orders with respect to arbitration is appropriate. The rules governing the appealability of orders denying or granting motions to compel arbitration have always been somewhat intricate. Before the adoption of section 16, whether an order granting or denying a motion to compel arbitration was appealable depended on whether it was a final decision under 28 U.S.C. § 1291. Whether the order was final depended in turn on whether the sole object of the suit was to determine arbitrability. *See generally* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3914.34, at 413–15 (Supp.1990). If the order was issued in an independent action in which the only issue before the court was the dispute's arbitrability, the order was considered final because it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945). *See, e.g., Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1528 (9th Cir.1985); *County of Durham v. Richards & Assocs., Inc.,* 742 F.2d 811, 812–14 (4th Cir.1984); *Tradax Ltd. v. M.V. Holendrecht,* 550 F.2d 1337, 1339 (2d Cir.1977). In contrast, if other relief was sought in the action in which the order was issued—*i.e.,* the arbitrability question was "embedded" in a broader action such as one seeking damages based on the underlying contractual dispute—then courts held that the order was interlocutory and hence nonappealable.[1] *See, e.g., Construction Laborers Pension Trust v. Cen–Vi–Ro Concrete Pipe & Prods. Co.,* 776 F.2d 1416, 1420 n. 5 (9th Cir.1985); *Wilson Wear, Inc. v. United Merchants & Mfrs., Inc.,* 713 F.2d 324, 326 (7th Cir.1983); *Langley v. Colonial Leasing Co.,* 707 F.2d 1, 3–5 (1st Cir.1983).

---

**1.** In a few cases courts did hold that such orders were appealable. *See, e.g., Howard Elec. & Mechanical Co. v. Frank Briscoe Co.,* 754 F.2d 847, 849 (9th Cir.1985); *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 53 (3d Cir.1980). Such cases appear to have been the exception, not the rule.

In neither instance did the appealability of the district court order depend on whether the challenged order favored arbitration or litigation.

◼ This body of law was substantially altered in 1988 when Congress adopted 9 U.S.C. § 16, an amendment to the Federal Arbitration Act that governs appeals from district court orders in cases involving arbitration.[2] *See* Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, Title X, § 1019(a), 102 Stat. 4642, 4671 (1988). The broad purpose of section 16 was to implement Congress' "deliberate determination that appeal rules should reflect a strong policy favoring arbitration." 15 C. Wright, A. Miller & E. Cooper, *supra*, § 3914.34, at 412. Congress sought to effectuate this policy in two ways. First, an order that favors litigation over arbitration—whether it refuses to stay the litigation in deference to arbitration; refuses to compel arbitration; denies confirmation to or modifies, corrects, or vacates an arbitral award; or grants, continues, or modifies an injunction against arbitration—is immediately appealable, even if interlocutory in nature. *See* 9 U.S.C. § 16(a)(1) and (2). Thus, a party who believes that arbitration is required by an agreement between the parties need not suffer the expense and inconvenience of litigation before receiving appellate review of a district court judgment that arbitration was inappropriate.

◼ Second, Congress sought to prevent parties from frustrating arbitration through lengthy preliminary appeals by providing that, "if the district court ... determine[s] that arbitration is called for,

the court system's interference with the arbitral process will terminate then and there, leaving the arbitration free to go forward. To accomplish this, § 16 provides in general that there may be no appeal from the proarbitration determination until after the arbitration has gone forward to a final award." Siegel, *Practice Commentary*, 9 U.S.C.A. at p. 219, 219 (West Supp. 1991). This decision reflects a congressional judgment that "[d]enial of appeal when arbitration is given precedence should not often be costly: district courts usually will be correct, and the arbitration process is apt to produce considerable savings in the process of preparing for trial if the dispute is ultimately found nonarbitrable." 134 Cong.Rec. S16,309 (daily ed. Oct. 14, 1988) (section-by-section analysis of S. 1482).

### III.

There is, however, an exception to the non-appealability of orders favoring arbitration: section 16(a)(3) permits an appeal from "a final decision with respect to an arbitration." Stedor argues that this provision applies here and we therefore have jurisdiction to hear its appeal. Under Stedor's view, section 16 did not displace the prior distinction between orders entered in independent proceedings and those entered in actions in which other relief is sought as well. Not surprisingly, Armtex disagrees, arguing that this case is governed by 9 U.S.C. § 16(b)(2), which prohibits an appeal from "an interlocutory order ... directing arbitration to proceed under" 9 U.S.C. § 4. Armtex argues that section 16 overruled

---

**2.** Section 16 provides:
  (a) An appeal may be taken from—
  (1) an order—
    (A) refusing a stay of any action under section 3 of this title,
    (B) denying a petition under section 4 of this title to order arbitration to proceed,
    (C) denying an application under section 206 of this title to compel arbitration,
    (D) confirming or denying confirmation of an award or partial award, or
    (E) modifying, correcting, or vacating an award;
  (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

  (3) a final decision with respect to an arbitration that is subject to this title.
  (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
    (1) granting a stay of any action under section 3 of this title;
    (2) directing arbitration to proceed under section 4 of this title;
    (3) compelling arbitration under section 206 of this title; or
    (4) refusing to enjoin an arbitration that is subject to this title.

the prior distinction between independent and embedded orders and that, under the statute, only the confirmation of the arbitral award under 9 U.S.C. § 9 is a "final decision."

■ In permitting appeals from final decisions, the text of section 16(a)(3)—unlike section 16(a)(1)—makes no distinction between decisions that favor litigation and those that favor arbitration; it states merely that it applies to all "final" decisions "with respect to an arbitration." Section 16(a)(3) thus applies equally whether the district court order favors litigation or arbitration. *See* Siegel, *supra,* at 221.

■ Because section 16 permits appeals from all "final" decisions and bars appeals from "interlocutory" orders favoring arbitration, application of that provision turns on the meaning of the word "final." Unfortunately, section 16 does not define the terms "interlocutory" or "final." We must assume, therefore, that Congress intended courts to continue the prior, settled usage of those terms; and "[a] 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin,* 324 U.S. at 233, 65 S.Ct. at 633–34. As under prior law, when a district court compels arbitration in a proceeding in which there are no other issues before the court, that order is final in this sense because the court has disposed of the whole case on the merits. *See* Siegel, *supra,* at 220; 15 C. Wright, A. Miller & E. Cooper, *supra,* § 3914.34, at 415; *see also County of Durham,* 742 F.2d at 814.

This interpretation of the statutory language is supported by the legislative history of section 16. There is little discussion of this provision in the legislative history. What discussion there is, however, confirms that Congress intended to adopt the traditional definition of final and indicates that Congress assumed that some pro-arbitration decisions would be final and therefore appealable under section 16. The Senate Judiciary Committee explained as follows:

[U]nder the proposed statute, appealability does not turn solely on the policy favoring arbitration. Appeal can be taken from final judgments, including a final judgment in an action to compel arbitration, a final judgment that refuses to enjoin arbitration, or a final judgment dismissing an action in deference to arbitration. These appeals preserve the general policy that appeal should be available where there is nothing left to be done in the district court.

134 Cong.Rec. S16,309 (daily ed. Oct. 14, 1988) (section-by-section analysis of S. 1482).

The court of appeals decision most directly on point likewise supports our conclusion. In *Thomson McKinnon Securities, Inc. v. Salter,* 873 F.2d 1397 (11th Cir. 1989), Thomson McKinnon sued Salter to compel arbitration before the National Association of Securities Dealers (NASD). Salter agreed that the dispute should be arbitrated but preferred the American Arbitration Association. The district court compelled arbitration before the NASD, and Salter appealed. The Eleventh Circuit, after noting the prior case law distinguishing between orders entered in independent actions and those issued in actions with other claims, held that the district court's order was final because the complaint "sought no relief on the merits of the underlying dispute and prayed solely for an order directing Salter to arbitrate before the NASD." *Id.* at 1399.

*Jeske v. Brooks,* 875 F.2d 71 (4th Cir. 1989), on which Armtex relies, is also consistent with our decision here. In *Jeske* the district court was faced not only with the defendants' motions to compel arbitration, but also with numerous substantive claims pressed by the plaintiff. *See id.* at 72. Moreover, the district court had ordered arbitration on some, but not all, of the plaintiff's claims. *See id.* at 73. The order compelling arbitration was therefore plainly interlocutory in nature and appeal was squarely prohibited by 9 U.S.C. § 16(b). Here we conclude, by contrast, that an order compelling arbitration in a proceeding in which the sole issue before the district court is the arbitrability of the dispute

is a "final decision" within the meaning of section 16(a)(3) and hence is appealable.

## IV.

Armtex objects strenuously that our holding in this case is contrary to the fundamental purpose of the 1988 amendment to the Federal Arbitration Act. We recognize that the result we reach here has been roundly criticized on grounds of public policy. Our interpretation of section 16(a)(3) may allow "a decision in favor of arbitration [to] be appealed forthwith, tying the parties down in continued litigation of the issue and swelling the cost—in time, effort, and money—of resolving the dispute, which is wholly at war with the purpose of arbitration and wholly inconsistent with what the sponsors of § 16 wanted to accomplish." Siegel, *supra*, at 220. Moreover, the result seems contrary to Congress' goal of eliminating rules of appealability that "depend[ ] on accidents of procedure that do not respond to any rational needs of either appeals timing or arbitration," 134 Cong.Rec. S16,309 (daily ed. Oct. 14, 1988) (section-by-section analysis of S. 1482), for there is nothing "substantively unique about the 'independent' proceeding that should earn it an expedited appellate review." Siegel, *supra*, at 223. Close questions of arbitrability, after all, can always be certified for immediate appeal by the district court. *See* 28 U.S.C. § 1292(b). Further, for purposes of appealability, an order compelling arbitration does not seem different from an order of reference to a special master or the disposition of a jurisdictional question. In both situations the district court's decision—which may subject a party to a proceeding to which it objects—is appealable only after the determination of the merits of the action. *See, e.g., Deckert v. Independence Shares Corp.*, 311 U.S. 282, 291 n. 4, 61 S.Ct. 229, 234 n. 4, 85 L.Ed. 189 (1940) (orders of reference); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2615, at 813 (1971) (same); *Catlin*, 324 U.S. at 236, 65 S.Ct. at 635 (jurisdiction); *In re Magic Circle Energy Corp.*, 889 F.2d 950, 954 (10th Cir.1989) (same).

Were we reasoning from the broad purposes of section 16 and the strong federal policy favoring arbitration, we might well conclude that an order compelling arbitration is not appealable, irrespective of whether any other claims have been asserted in the proceeding in which arbitrability has been decided. As Judge Friendly wrote some years ago:

> If the slate were clean, a good deal might be said for the position that even though an order directing arbitration seems "final" in the formal sense that it is the last thing that the court is then being asked to direct, it should be realistically viewed as an intermediate step in a proceeding that will not result in a truly final decision until an award has been rendered by the arbitrators and an order has been made to enforce it.

*Chatham Shipping Co. v. Fertex S.S. Corp.*, 352 F.2d 291, 294 (2d Cir.1965).

However, we are not free to wipe the slate clean and apply only the broad statutory purposes while ignoring the statute's specific provisions. It is elementary to statutory construction that the specific controls the general and that courts possess no warrant to implement statutory purposes in ways that to the judicial eye seem wise. It may indeed be that Congress' failure in the 1988 amendment to prohibit appeals in situations like that presented here is "a missed boat" that will undermine the effectiveness of the statute, Siegel, *supra*, at 219–20, but if so it is for Congress—not the courts—to correct the oversight on a subsequent voyage.

Because we conclude that appeal is permitted under 9 U.S.C. § 16(a)(3) in these particular circumstances, we deny Armtex's motion to dismiss Stedor's appeal and proceed to the merits of the arbitrability question.

## V.

■ Stedor argues that summary judgment was inappropriate for two reasons. First, it argues that there is a genuine dispute of material fact as to the existence of an agreement to arbitrate. It is clear from the record, however, that the material

facts are not in dispute. Stedor had an established course of dealing with Armtex that began in November 1988 and, over a period of at least five months in 1989, Stedor placed several orders for large quantities of fabric with Armtex. In each instance Armtex sent Stedor, prior to shipment, a written confirmation that clearly and explicitly, on the front as well as the back of the form, indicated the presence of an arbitration agreement. Stedor admits that it never looked at those forms but simply "tossed them in the file." Its essential argument is that it is not bound by the arbitration clause because it chose not to read and sign the written confirmation that contained that clause.

We hold that, on these undisputed facts, an agreement to arbitrate exists between Stedor and Armtex as a matter of law. As the Second Circuit has well explained:

> Where, as here, a manufacturer has a well established custom of sending purchase order confirmations containing an arbitration clause, a buyer who has made numerous purchases over a period of time, receiving in each instance a standard confirmation form which it either signed and returned or retained without objection, is bound by the arbitration provision. This is particularly true in industries such as fabrics and textiles where the specialized nature of the product has led to the widespread use of arbitration clauses and knowledgeable arbitrators.

*Pervel Indus., Inc. v. T M Wallcovering, Inc.,* 871 F.2d 7, 8 (2d Cir.1989) (citations omitted). *See also, e.g., Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 845–46 (2d Cir.1987); *Burma Bibas, Inc. v. Toyoshima & Co.,* 60 A.D.2d 554, 554–55, 400 N.Y.S.2d 338, 339 (1977); U.C.C. § 2–207.

Second, Stedor argues that a genuine dispute of fact as to the unconscionability of the arbitration clause makes summary judgment inappropriate. It relies on the alleged unequal bargaining power between Armtex, "a major textile concern," and Stedor, "a small manufacturing company," and on the fact that the contract is a standard form one. We find Stedor's unconscionability argument insubstantial.

Arbitration clauses are common in the textile industry and in standard-form contracts, and a finding of unconscionability simply cannot be based on the mere fact that one party to the contract is larger than the other. *See Pierson v. Dean, Witter, Reynolds, Inc.,* 742 F.2d 334, 339 (7th Cir. 1984).

## VI.

It is plain here that there was an agreement to arbitrate any disputes and that the district court's determination to that effect was correct. Stedor's appeal thus represents a "not atypical instance of an unworthy effort to escape or delay arbitration." *Chatham Shipping,* 352 F.2d at 294. Through this appeal, Stedor has denied Armtex some part of the benefit of its bargain: a prompt and relatively inexpensive method of dispute resolution. We are bound to entertain the appeal, however, because section 16 of the Federal Arbitration Act provides us with no authority to dismiss it. The judgment of the district court directing the parties to proceed with arbitration is hereby

AFFIRMED.