Esther PERERA, Plaintiff–Appellant,

v.

SIEGEL TRADING COMPANY, INCOR-PORATED, an Illinois corporation, Frank Mazza and Howard Siegel, De-fendants–Appellees.

No. 90–3508.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 26, 1991.

Decided Jan. 3, 1992.

As Amended Jan. 16, 1992.

Michael J. Freed, Kenneth Wexler, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., P. Terrence Buehler, Arthur T. Susman, Terry Rose Saunders (argued), Susman, Saunders & Buehler, Marvin A. Miller, Patrick E. Cafferty, Chertow & Miller, Chicago, Ill., Don Lolli, Beckett & Steinkamp, Kansas City, Mo., for plaintiff-appellant.

Fred A. Smith, William J. Kunkle, Jr. (argued), Steven J. Roeder, Pope & John, William M. Phelan, Thomas F. Burke, Phelan, Doyle, Bolotin & Burke, Lane M. Gensburg, David A. McGuire, Michael L. Siegel, Stone, McGuire & Benjamin, Dennis Bell, James McGurk, Bell & McGurk, Gary Sinclair, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, WOOD, Jr., Circuit Judge, and ESCHBACH, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

Esther Perera ("Perera") brought several claims of relief before the district court. The district court ordered Perera to proceed to arbitration of her claims. This appeal raises the question of whether an arbitration order entered as part of a proceeding for other relief is a final appealable decision under the recently enacted amendments to the Arbitration Act.

Perera, along with another plaintiff Alvin Champ ("Champ"), brought claims for relief under the Commodity Exchange Act, the Racketeer Influence and Corrupt Organizations Act, and various common law claims. On February 1, 1990, Siegel Trading Company, Incorporated, Frank Mazza and Howard Siegel ("defendants" or "Siegel") filed a motion in an attempt to proceed to arbitration of these claims. At this time the district court also had before it defendants' motion to dismiss the plaintiffs' complaint and the plaintiffs' motion for class certification. On February 23, 1990, the district court granted the defendants' motion to compel arbitration of Perera's claims, but refused to compel arbitration of Champ's claims. Because the court ordered Perera to proceed to arbitration, it did not consider the defendants' motion to dismiss Perera's claims nor did the court consider whether Perera could be certified as a class representative. The court granted partial dismissal of Champ's claims, and it determined that Champ would not be a sufficient class representative.

After the district court entered the February 23, 1990, order, Perera filed a motion for reconsideration asking that she be certified as a class representative in the arbitration proceedings. Pursuant to this request, on June 15, 1990, the district court entered an order certifying Perera as a class representative for arbitration.

Acting on the defendant's motion for reconsideration, on November 2, 1990, the district court revoked its June 15, 1990, certification of Perera as a class representative for arbitration. In this order the district court determined that Perera's and Champ's claims were distinct and, therefore, the district court bifurcated the parties' claims and directed that the two parties proceed in separate forums. Furthermore, the district court entered a Rule 54(b) judgment on its order compelling Perera to proceed individually to arbitration. Recognizing that a Rule 54(b) judgment might not be appropriate, the district court also invited this court to grant jurisdiction pursuant to 28 U.S.C. § 1292(b).

Perera argues that the district court erred when it failed to certify Perera as a class representative for arbitration. Nevertheless, we do not have the jurisdiction to review this issue because the district court's order to arbitrate is not a final decision under the Arbitration Act.

## DISCUSSION

In determining whether we have jurisdiction to consider the propriety of the district court's refusal to certify Perera as a class

representative for arbitration, it is important to closely scrutinize Perera's asserted basis for jurisdiction. This can best be done by first focusing on what Perera is *not* asserting. Perera is *not* asking us to exercise our discretion and certify this case for review under 28 U.S.C. § 1292(b). Nor is Perera arguing that a refusal to certify a class for arbitration is a final decision under the Arbitration Act. Instead, Perera asserts that the district court made a final appealable decision under the Arbitration Act when it directed Perera to proceed to arbitration.

Although not explicitly stated in her brief, Perera is apparently asserting that because the arbitration order is final, all the procedural decisions made in the process of reaching this order are also final and reviewable. More specifically, Perera apparently asserts that the district court's procedural decision not to certify the class for arbitration is reviewable as part of this final decision, just as many interlocutory procedural decisions made when setting a case for trial become reviewable after the jury renders a verdict and the district court enters judgment.

In 1988 Congress enacted an addendum to the Arbitration Act. This addendum contains provisions that control the appealability of district court arbitration decisions. These jurisdictional provisions were initially placed in section 15 of the Arbitration Act. However, in 1990 these jurisdictional provisions were renumbered and moved to section 16. *See* 9 U.S.C. § 16.

The recently enacted section 16 reads as follows:

(a) *An appeal may be taken from*—
(1) an order—
(A) refusing a stay of any action under section 3 of this title,
(B) denying a petition under section 4 of this title to order arbitration to proceed,
(C) denying an application under section 206 of this title to compel arbitration,
(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;
(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
(3) *a final decision with respect to an arbitration that is subject to this title.*
(b) Except as otherwise provided in section 1292(b) of title 28, *an appeal may not be taken from an interlocutory order*—
(1) granting a stay of any action under section 3 of this title;
(2) *directing arbitration to proceed under section 4 of this title;*
(3) compelling arbitration under section 206 of this title; or
(4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16 (emphasis added).

Section 16 modifies much of the pre-1988 law regarding the appealability of district court orders pertaining to arbitration. Prior to the enactment of the amended Arbitration Act, the appealability of arbitration decisions was predominately dictated by two lines of cases: those cases that determined if particular arbitration decisions were final or interlocutory decisions under 28 U.S.C. § 1291 and those cases that determined if the *Enelow–Ettelson* doctrine allowed immediate appeal pursuant to 28 U.S.C. § 1292(a). *See Whyte v. THinc Consulting Group Int'l*, 659 F.2d 817, 818–20 (7th Cir.1981) (analyzing the appealability of an order staying judicial proceedings and directing arbitration under both 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a)). In 1988 the amended Arbitration Act rendered the outdated *Enelow–Ettelson* doctrine inapplicable to the appealability of arbitration decisions. 9 U.S.C. § 16(a)(1)(A), (b)(1). Moreover, section 16 of the amended Act changed the rules regarding the appealability of certain interlocutory decisions. *See* 9 U.S.C. § 16(a)(1)(A–C).

Before section 16 was added to the Arbitration Act, an arbitration decision that did not qualify for either injunctive appeal un-

der § 1292(a) or discretionary appeal under § 1292(b) was only appealable if it qualified as a final decision under 28 U.S.C. § 1291. Section 16 changed this by making certain interlocutory judicial actions *denying* arbitration immediately appealable, 9 U.S.C. § 16(a)(1)(A–C), while not allowing the appeal of similar interlocutory orders *granting* arbitration. 9 U.S.C. § 16(b). This differential treatment favors arbitration by assuring that orders denying arbitration are quickly reviewed so that if there is error arbitration can proceed and so that orders granting arbitration are followed without the delay of interlocutory appeals.

Although the statute explicitly revised and clarified the law by making both interlocutory and final orders *disfavoring* arbitration immediately appealable, the statute did not make similar explicit changes regarding the appealability of decisions *favoring* arbitration. Indeed, as for decisions favoring arbitration, the statute codifies the judicial distinction that existed prior to the enactment of the 1988 amendments: final decisions granting arbitration are appealable and interlocutory decisions granting arbitration are not. That is, section 16(a)(3) continues to allow immediate appeal of final decisions, while section 16(b) prohibits appeal of interlocutory decisions favoring arbitration.

In this case, Judge Hart entered an order directing Perera to proceed to arbitration, an order authorized by section 4 of the Arbitration Act. *See* 9 U.S.C. § 4. Perera argues that this *order favoring arbitration constitutes a final decision appealable under section 16(a)(3) of the Act. Siegel argues that this is an interlocutory decision that is unappealable under section 16(b)(2)—section 16(b)(2) precludes the appeal of interlocutory section 4 orders compelling arbitration.*

Perera's argument that we have jurisdiction over the district court's arbitration order is two-fold. First, Perera asserts that the legislative history underlying the amendments contained in section 16 indicates that an order to arbitrate all claims constitutes a final decision. Perera also asserts that the district court's order qualifies as a final decision under this court's pre-amendment decisions.

Perera relies on *Arnold v. Arnold Corp.—Printed Communications for Business,* 920 F.2d 1269 (6th Cir.1990), to argue that section 16's legislative history is persuasive authority for the proposition that an order to arbitrate all issues constitutes a final decision. The *Arnold* case, like the case before this court, involved an arbitration order requested in an ongoing proceeding for other relief ("an embedded proceeding"). In *Arnold* the district court ordered arbitration, dismissed the proceedings and entered a Rule 54(b) judgment. The *Arnold* court held that the district court's actions constituted a final appealable decision under the amended Arbitration Act. *Arnold,* 920 F.2d at 1275.

The *Arnold* court relied on legislative history to reach its conclusion. That is, the *Arnold* court specifically relied on the Judiciary Committee's statement that " 'under the proposed statute, appealability does not turn solely on the policy favoring arbitration....' " and that " '[a]ppeal can be taken from final judgments, including a final judgment in an action to compel arbitration, or a *final judgment dismissing an action in deference to arbitration....*' " *Id.* at 1274–75 (citation omitted) (emphasis added in the *Arnold* decision). By relying on legislative history to reach its conclusion, the *Arnold* decision implies that legislative history somehow modified the preexisting meaning of "final decision."

"Final decision" is a legal term of art traditionally used to distinguish appealable and nonappealable lower court decisions under 28 U.S.C. § 1291—the general provision governing appellate jurisdiction. Judicial decisions have given meaning to this term of art. Section 16 does not define the term "final decision," nor does it indicate an intent to change the preexisting judicial interpretation of this term of art. As such, we can assume that by using a term of art Congress intended to retain its preexisting meaning. *Stedor Enter. v. Armtex, Inc.,* 947 F.2d 727, 731 (4th Cir.1991) ("section 16 does not define the terms 'interlocutory' or 'final'.... [w]e must assume, therefore,

that Congress intended courts to continue the prior, settled usage of those terms....").  Moreover, section 16 uses very specific language to change the prior law regarding the appealability of interlocutory decisions disfavoring arbitration, 9 U.S.C. § 16(a)(1)(A–C), it seems that Congress would have been equally specific if it had intended to change the preexisting interpretation of "final decision."

It is never easy to use legislative history to decipher legislative intent because members of Congress may vote for a statute for varying reasons and may expect the courts to apply the statute in differing manners. For this reason, we must first decipher Congressional intent from a statute's language, not from legislative history. Because the language in section 16 in no way implies that Congress intended to change the preexisting judicial interpretation of "final decision," we will look to judicial precedent and not legislative history in determining the meaning of this term.

The arbitration order in the current case was granted in a proceeding for other relief, an embedded proceeding. Many courts of appeals have concluded that arbitration orders in embedded proceedings constitute interlocutory and not final decisions. *See Whyte*, 659 F.2d at 818, n. 2. Nevertheless, as can be seen by the *Arnold* decision, there is not complete agreement on this issue.

Those courts that classify arbitration orders in embedded proceedings as interlocutory typically reach this conclusion by distinguishing between cases in which arbitration is the only claim for relief and cases in which arbitration is raised in the midst of a proceeding for other relief. In making this distinction courts classify the former as final decisions while classifying the latter as interlocutory. *See id.* (citing *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 86 (2nd Cir.1961), *cert. denied*, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524; *Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba, S.A.*, 243 F.2d 342 (2nd Cir.1957) (following *In re States Marine Corp.*, 25 F.Supp. 662, 662–63 (S.D.N.Y.1938))).

The basis for distinguishing between cases where the sole claim for relief is arbitration and those cases where a party requests arbitration in a proceeding for other relief is that in the latter case the underlying merits of the claims for relief are not resolved until arbitration is completed, and indeed judicial review is often necessary for this award to become enforceable. *See Whyte*, 659 F.2d at 818, n. 2 (quoting *Lummus*, 297 F.2d at 86 (J. Friendly)); 9 U.S.C. § 9. In contrast, where the only claim for relief is a petition for arbitration, once arbitration is granted the court has resolved the only issue before it.

Furthermore, since the 1988 enactment of the jurisdictional amendments to the Arbitration Act, most courts of appeals that have considered the issue have continued to distinguish between cases in which arbitration is the sole issue and cases in which other issues are before the court. For example, the Courts of Appeals for the Second, Fourth and Eleventh Circuits have held that orders to arbitrate are final decisions when the only issue before the court is arbitration. In each of these decisions the courts discussed the distinction between cases in which the sole claim for relief is arbitration and those cases in which a party requests arbitration in the midst of a proceeding for other relief. *Stedor Enter.*, 947 F.2d at 728; *Chung v. President Enters. Corp.*, 943 F.2d 225, 228–29 (2nd Cir.1991); *Thomson McKinnon Sec., Inc. v. Salter*, 873 F.2d 1397, 1399 (11th Cir.1989). Moreover, in a case similar to the case before this court, the Court of Appeals for the Ninth Circuit held that an order to arbitrate and stay of proceedings was *not* a final order because the motion for arbitration was made in an embedded proceeding. *Delta Computer Corp. v. Samsung Semiconductor & Telecommunications Co.*, 879 F.2d 662, 665 (9th Cir.1989). *But see Arnold*, 920 F.2d at 1275.

In our past decisions this court has distinguished between cases in which the sole claim for relief is arbitration and cases in which there are other claims for relief be-

fore the court. In fact, this court has found jurisdiction where the sole issue before the court was arbitration and denied jurisdiction where arbitration was raised in an embedded proceeding. *See, e.g., In re Chicago, Milwaukee, St. Paul, & Pac. R.R. Co.*, 784 F.2d 831, 833 (7th Cir.1986); *Wilson Wear, Inc. v. United Merchants & Mfrs., Inc.*, 713 F.2d 324, 326 (7th Cir.1983); *University Life Ins. Co. of America v. Unimarc Ltd.*, 699 F.2d 846, 848 (7th Cir. 1983); *Whyte*, 659 F.2d at 818.

For example, in *University Life* this court held that the district court's arbitration order was a final appealable decision. *University Life*, 699 F.2d at 849–50. In reaching this conclusion this court specifically relied on the fact that the only issue before the court was the arbitration issue. *Id.* In contrast, in *Whyte, Wilson Wear* and *In re Chicago* this court refused to extend jurisdiction over arbitration decisions entered in embedded proceedings. In the *Whyte* and *Wilson Wear* decisions this court held that an order granting stay and compelling arbitration that was entered in an embedded proceeding did not constitute a final decision. *Wilson Wear*, 713 F.2d at 326; *Whyte*, 659 F.2d at 818. In *In re Chicago* the district court had before it issues regarding the interpretation of an agreement to sell assets under a reorganization plan. There was an ongoing arbitration proceeding affecting the sale of assets and the district court ordered a change of defendants for this proceeding. *In re Chicago*, 784 F.2d at 833. This court held that this order did not terminate all proceedings before the district court and that this order was not a final decision. *Id.*

■ The above cases demonstrate that this court finds arbitration orders final if arbitration is the sole issue before the court and interlocutory if raised in an embedded proceeding. Nevertheless, Perera argues that this court never made a blanket rule that *all* orders to arbitrate in embedded proceedings are interlocutory. That is, Perera argues that the language in our past decisions implies that there may be some situations where an arbitration order entered in an embedded proceeding

would constitute a final appealable decision.

For example, Perera points to this court's statement in *In re Chicago* that an order for arbitration is final if it terminates all proceedings before the district court. Moreover, Perera also points to the *University Life* decision, because even though the *University Life* decision contains dicta differentiating between embedded proceedings and those cases where the sole issue is arbitration, it leaves open the question of whether this differentiation would be applicable when the district court enters a Rule 54(b) judgment. *University Life*, 699 F.2d at 848 ("[a]s with any complaint that contains multiple claims, the disposition of one is not a final judgment and is therefore not appealable *unless the district court certifies it for a direct appeal under Rule 54(b) of the Federal Rules of Civil Procedure, which was not done here.*") (emphasis added).

Perera argues that the current appeal falls within these apparent limits to the general rule precluding judicial review of arbitration orders in embedded proceedings. More specifically, Perera argues that the proceedings before Judge Hart are terminated and therefore final because he disposed of all Perera's claims when he ordered her to resolve her claims before an arbitrator and because he entered judgment under Rule 54(b).

Perera cites *Snyder v. Smith*, 736 F.2d 409, 414 (7th Cir.1984), *cert. denied* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984), for the proposition that the proceedings before Judge Hart are terminated and therefore final because once Judge Hart sent all claims to arbitration he had nothing left to do with regard to these claims. Nevertheless, *Snyder* is inapposite for several reasons. First, arbitration was the only issue before the *Snyder* court. *Snyder*, 736 F.2d at 420. Second, *Snyder* dealt with a situation where the contract's forum selection clause required arbitration in another district. *Id.* Because the *Snyder* court had no authority to order arbitration in another district, and because it had no authority to review the claim without arbi-

tration, the only solution was to dismiss the claim. *Id.*

The dismissal in *Snyder* is very different than Judge Hart's order compelling arbitration. Granted, the *University Life* decision offers some support for analogizing an arbitration order to a dismissal when the sole claim for relief is an arbitration motion, *University Life,* 699 F.2d at 848, nevertheless, *In re Chicago,* a more recent opinion, indicates that an arbitration order is more akin to setting a case for trial; it is a procedural step that does not resolve or terminate the proceedings before the judge. *In re Chicago,* 784 F.2d at 833. *See also Lummus,* 297 F.2d at 86 (" 'arbitration is merely a form of trial, to be adopted in the action itself, in place of the trial at common law', it remains undeniable that arbitration differs from a proceeding in another court in the essential respect that the arbitration cannot produce an enforceable result without further judicial action. . . .").

In an embedded proceeding an arbitration order in no way resolves the merits of the claims sent to arbitration. Moreover, the arbitration agreement in this case states that any court with jurisdiction over the matter may enforce arbitration awards made under the agreement. As such, it may be necessary upon a petition by one of the parties for Judge Hart to review any future arbitration award in this case. *See* 9 U.S.C. § 9. Accordingly, the arbitration order in this case is like "hundreds of case-management orders in a large piece of litigation, any of which may affect the outcome, and almost none of which is appealable." *See In re Chicago,* 784 F.2d at 833. As such, Judge Hart's arbitration order is not a final decision under section 16(a)(3) instead, the arbitration order is an unappealable interlocutory decision under section 16(b)(2).

■ Furthermore, the entry of a Rule 54(b) judgment does not change the interlocutory nature of the district court's order. Granted, our prior decisions have left open the possibility that an embedded proceeding might be final when a district court enters a Rule 54(b) judgment. *See Univer-*

*sity Life,* 699 F.2d at 848. Nevertheless, Perera has not cited any cases where this court actually found an order to arbitrate final because of an entry of a Rule 54(b) judgment. Moreover, this court never meant to imply that the mere entry of a Rule 54(b) judgment, although improper, could transform an interlocutory decision into a final decision.

■ When reviewing Rule 54(b) judgments, this court gives discretion to the district court's determination that two or more ·claims constitute separate claims of relief. *United States v. Ettrick Wood Products, Inc.,* 916 F.2d 1211, 1218 (7th Cir.1990). For example, in this case we give discretion to the district court's decision that Champ and Perera have separate claims that should be severed. And, if the district court had rendered a final decision as to either Champ's or Perera's claims, the entry of a Rule 54(b) judgment would have been appropriate. However, the district court cannot expand this court's appellate jurisdiction by simply entering a Rule 54(b) judgment. That is, a district court's entry of a Rule 54(b) judgment cannot transform an interlocutory decision into a final decision. *Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 595 (7th Cir.1990). We have already determined that Judge Hart's order to arbitrate was an interlocutory decision; Judge Hart's entry of a Rule 54(b) judgment does not alter this determination.

## CONCLUSION

Because the district court's order for Perera to arbitrate her claims is an interlocutory decision under 9 U.S.C. § 16(b)(2) and not a final decision under 9 U.S.C. § 16(a)(3), we do not have jurisdiction to review the district court's procedural decisions made pursuant to this arbitration order. Specifically, we do not have jurisdiction to review the district court's decision not to certify Perera as a class representative for arbitration. Accordingly, this appeal is dismissed for lack of jurisdiction.