955 F.2d 40
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FASIG-TIPTON KENTUCKY, INCORPORATED; Fasig-Tipton New York,
Incorporated, Plaintiffs-Appellees,
v.
Jerome E. MICHAELSON, Defendant-Appellant.
 No. 91-1667.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 17, 1992.
Decided Feb. 10, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CA-91-82-Y).
 Jerome E. Michaelson, appellant pro se.
 Charles Carey Deeley, Jr., Venable, Baetjer & Howard, Towson, Md., for appellees.
 D.Md.
 REMANDED.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jerome Michaelson appeals from an order of the district court denying his motion to compel arbitration. Because the record in this case is insufficient to determine whether the motion to compel arbitration was timely, or to form an opinion with regard to the validity of the purported arbitration agreements, we remand the case to the district court with instructions.
 
 
 2
 Fasig-Tipton Kentucky, Inc., and Fasig-Tipton, New York, Inc., sued Michaelson, a Maryland resident, for $600,000 for failing to satisfy accounts incident to a sales contract for horses. Michaelson did not raise the issue of arbitration in his answer. Two months later, after a scheduling conference, partial discovery, and a motion for summary judgment by Fasig-Tipton, Michaelson filed a motion to dismiss for lack of jurisdiction, or in the alternative, to compel arbitration. To support his motion, he cited provisions in the contracts of sale which provide that controversies relating to the sales shall be settled by arbitration among the parties in Kentucky in accordance with the laws of the American Arbitration Association. By sua sponte marginal order, the district court denied Michaelson's motion as untimely and meritless. The record on appeal does not contain the complete text of the agreements containing the arbitration clauses.
 
 
 3
 On appeal, Fasig-Tipton argues that the district court's order is an interlocutory order that is not appealable as of right. See 28 U.S.C. § 1292(a) (1988); American Management Services, Ltd., Inc. v. Royal American Managers, Inc., 854 F.2d 1272 (11th Cir.1988). However, "[t]his body of law was substantially altered in 1988 when Congress adopted [9 U.S.C.A. § 16 (Supp.1991) ], an amendment to the Federal Arbitration Act that governs appeals from district court orders in cases involving arbitration...." See Stedor Enterprises, Ltd. v. Armtex, Inc., 947 F.2d 727, 730 (4th Cir.1991). Under subsection (a)(1) of § 16, an order that refuses to compel arbitration is immediately appealable, even if interlocutory in nature. 947 F.2d at 730. See also Jeske v. Brooks, 875 F.2d 71, 73 (4th Cir.1989).
 
 
 4
 The existence of a binding arbitration agreement is an affirmative defense that normally should be included in the answer to a complaint. See Fed.R.Civ.P. 8(c); McDonnell v. Dean Witter Reynolds, Inc., 620 F.Supp. 152, 155 (D.Conn.1985). Delay in asserting arbitration as an affirmative defense may constitute waiver when delay prejudices the opposing party. See Sweater Bee By Banff, Ltd. v. Manhattan Industries, Inc., 754 F.2d 457, 463 (2d Cir.1985). Such prejudice may include causing the other party to needlessly incur the expense of discovery, or to litigate the merits of the case. See McDonnell, 620 F.Supp. at 159. Nevertheless, there is a strong statutory presumption that any doubts concerning arbitrability, including those raised by allegations of waiver, should be resolved in favor of arbitration. See Moses M. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). No bright line defines when a party has been sufficiently prejudiced by a delay to invoke waiver:
 
 
 5
 neither a particular time frame nor dollar amount automatically results in such a finding--but it is instead determined contextually by examining the extent of the delay, the degree of litigation that has preceded the invocation of arbitration, the resulting burdens and expenses, and the other surrounding circumstances.
 
 
 6
 Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir.1991). The party asserting prejudice bears a heavy burden of proof. See Britton v. Coop Banking Group, 916 F.2d 1405, 1412 (9th Cir.1990). This burden is not necessarily satisfied even if the party has spent time and resources in discovery activity and motions practice over a period of years. Id. at 1413.
 
 
 7
 Beyond the district court's observation that Fasig-Tipton had participated in some discovery and moved for summary judgment, there is nothing in the record to indicate how Fasig-Tipton was prejudiced by Michaelson's delay. It is therefore impossible for this Court to determine whether Fasig-Tipton could have met its burden to prove prejudice.
 
 
 8
 We therefore remand the case to the district court with instructions to receive further evidence on this issue. Should the court find that Fasig-Tipton was bound by a valid agreement to arbitrate and was not sufficiently prejudiced by Michaelson's delay in filing his motion, it should grant Michaelson's motion to compel. Otherwise, it should reinstate its order denying the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 REMAND.