**ADAIR BUS SALES, INC.,**
Plaintiff–Appellant,

v.

**BLUE BIRD CORPORATION,**
Defendant–Appellee.

No. 93–2269.

United States Court of Appeals,
Tenth Circuit.

June 3, 1994.

Warren F. Frost, Clovis, NM, for appellant.

Thomas W. Rhodes and Edward H. Wasmuth, Jr. of Smith, Gambrell & Russell, Atlanta, GA, John R. Cooney, Patrick J. Rogers of Modrall, Sperling, Roehl, Harris and Sisk, Albuquerque, NM, for appellee.

Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.

BRORBY, Circuit Judge.

This appeal arises out of Plaintiff's complaint against Defendant for breach of contract and declaratory judgment. Between 1978 and 1991, the parties entered into several contracts whereby Plaintiff was authorized to sell Blue Bird school buses. A dispute arose between the parties when a Texas school district canceled a substantial order with Plaintiff because it questioned Plaintiff's authority to sell Blue Bird buses in Texas. Plaintiff brought an action against Blue Bird in the United States District Court for the District of New Mexico, alleging breach of contract and requesting damages. The complaint also sought a declaratory judgment that the arbitration clause in the 1991 Distribution Agreement between the parties did not apply to that particular dispute.

Defendant filed a motion for stay pending arbitration, to which Plaintiff responded by seeking a temporary injunction and, ultimately, a preliminary injunction prohibiting Defendant from pursuing litigation to compel arbitration. The district court held an evidentiary hearing on the scope of the distribution contract and existence of an oral contract between the parties. The district court found that the dispute was within the scope of the arbitration agreement. The court

** The Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

then lifted the temporary restraining order, dismissed the complaint, and ordered the parties to proceed to arbitration under the terms of the Distribution Agreement. Plaintiff appeals the district court's order, arguing that it was entitled to a jury trial on the arbitration issue and that Blue Bird was estopped from asserting a claim for arbitration.

■ Regarding a suit brought in federal court "upon any issue referable to arbitration under an agreement in writing for such arbitration," the Federal Arbitration Act provides the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Blue Bird did indeed move the district court for a stay pending arbitration. The proper course, therefore, would have been for the district court to grant Defendant's motion and stay the action pending arbitration. *See Quinn v. CGR*, 828 F.2d 1463, 1465 n. 2 (10th Cir.1987); *see also Filanto, S.P.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 61 n. 3 (2d Cir.1993).

■ The posture and characterization of the district court's action becomes acutely relevant when the question of appealability is raised. Amending the Arbitration Act to clarify the right of appeal, Congress intended to "promote appeals from orders barring arbitration and limit appeals from orders directing arbitration." *Filanto*, 984 F.2d at 60; *Gammaro v. Thorp Consumer Discount Co.*, 15 F.3d 93, 95 (8th Cir.1994); *see also Perera v. Siegel Trading Co.*, 951 F.2d 780, 782–83 (7th Cir.1992). That general policy was not, however, fully implemented. Section 16(b)(1) and (2) prohibits appeals from interlocutory orders staying an action pending arbitration pursuant to § 3 and from orders compelling arbitration to proceed under § 4, but § 16(a)(3) allows an appeal to be taken from "a final decision with respect to an arbitration." Thus, § 16 forecloses appellate review unless the district court order can be characterized as a final decision or falls within the limited exceptions found in § 16(a)(1) or (2).

■ A majority of the circuits have adopted the view that an order can only be final within the meaning of § 16(a)(3) and therefore immediately appealable if arbitrability is the sole issue before the district court. Conversely, an order does not constitute a final decision, and is not immediately reviewable on appeal, if issues other than the propriety of arbitration are raised or relief other than a determination as to the arbitrability of the dispute is sought. *Gammaro*, 15 F.3d at 95; *Humphrey v. Prudential Sec. Inc.*, 4 F.3d 313, 317–18 (4th Cir.1993); *S+L+H S.p.A v. Miller–St. Nazianz, Inc.*, 988 F.2d 1518, 1522 (7th Cir.1993); *Filanto*, 984 F.2d at 60–61; *Thomson McKinnon Sec., Inc. v. Salter*, 873 F.2d 1397, 1399 (11th Cir.1989); *see Delta Computer Corp. v. Samsung Semiconductor & Telecommunications Co.*, 879 F.2d 662, 664–65 (9th Cir.1989); *but see Arnold v. Arnold Corp.*, 920 F.2d 1269, 1274–76 (6th Cir.1990) (holding dismissal, in deference to arbitration, of complaint raising issues other than arbitrability was final and appealable under § 16(a)(3)). We agree with and adopt the majority approach. Consistent with that analysis, we note a stay pending arbitration entered pursuant to § 3 will virtually always be characterized as interlocutory, and not as a final decision within § 16(a)(3). Because § 3 contemplates a suit brought on "any issue referable to arbitration under an agreement in writing," the likelihood of the presence of issues other than the dispute's arbitrability is inherent.

■ Thus, had the district properly granted Defendant's motion for stay, the stay order would have been interlocutory because Plaintiff sought the arbitrability of the dispute. We would have no appellate jurisdiction. *See* 9 U.S.C. § 16. Because, however, the appeal is presented to us upon the district court's order of dismissal, we have appellate jurisdiction, *see* 28 U.S.C. § 1291, and may correct the procedural error. We decline to reach the merits of Plaintiff's appeal in light of our adoption of the majority view discouraging immediate appellate review in a proceeding in which relief other than a determination of arbitrability is sought. We therefore **VACATE** the district court's order of dismissal and **REMAND** for entry of a

stay pending arbitration in accordance with 9 U.S.C. § 3.