**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: PISGAH CONTRACTORS,
INCORPORATED,
Debtor.

PISGAH CONTRACTORS, INCORPORATED,

No. 96-1179

Plaintiff-Appellant,

v.

MARTIN L. ROSEN, and wife, DORIS
R. ROSEN,
Defendants-Appellees.

In Re: PISGAH CONTRACTORS,
INCORPORATED,
Debtor.

PISGAH CONTRACTORS, INCORPORATED,

No. 96-1341

Plaintiff-Appellee,

v.

MARTIN L. ROSEN, and wife, DORIS
R. ROSEN,
Defendants-Appellants.

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-94-193-1, BK-89-10629-AB)

Argued: May 6, 1997

Decided: June 24, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
LEGG, United States District Judge for the
District of Maryland, sitting by designation.

_____

Dismissed by published opinion. Judge Hamilton wrote the opinion,
in which Judge Motz and Judge Legg joined.

_____

**COUNSEL**

**ARGUED:** David G. Gray, Jr., WESTALL, GRAY & CONNOLLY,
Asheville, North Carolina, for Appellant. Robert Arnold Lefkowitz,
HENDRICK LAW FIRM, Winston-Salem, North Carolina, for
Appellees.

_____

**OPINION**

HAMILTON, Circuit Judge:

This appeal presents the question of whether we have subject mat-
ter jurisdiction to consider an appeal from a district court order direct-
ing arbitration to proceed. Because we conclude that there is no basis
for our jurisdiction under these circumstances, we dismiss this appeal.

I.

This suit arises out of a contractual dispute between Pisgah Con-
tractors, Inc. (Pisgah) and Martin and Doris Rosen (the Rosens)
involving Pisgah's construction of a home for the Rosens. In August
1988, Pisgah and Martin Rosen entered into a contract for the con-
struction of a home, which contained the following provision:

> All claims or disputes between the Contractor and Owner
> rising out of or relating to the Contract Documents, or the
> breach thereof, shall be decided by arbitration in accordance

2

with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree . . . .

(J.A. 515). A dispute subsequently arose between the parties concerning the construction of the house and payment for the construction.

On October 19, 1989, Pisgah filed a voluntary Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of North Carolina. On September 17, 1990, Pisgah, acting as debtor-in-possession, see 11 U.S.C. § 1107, filed an adversary proceeding against the Rosens to recover funds Pisgah asserted were due under the contract. In its complaint, Pisgah alleged causes of action for breach of contract, violations of the North Carolina Unfair Trade Practices Act, see N.C. GEN . STAT. §§ 75-1 to -35, breach of a fiduciary relationship, and slander.

On October 19, 1990, prior to answering the complaint, the Rosens filed a motion to dismiss and a motion to stay the proceedings and to compel arbitration. On November 28, 1990, the bankruptcy court denied the motion to stay the proceedings and compel arbitration, granted the motion to dismiss as to all claims asserted against Doris Rosen, and denied the remainder of the motion to dismiss. Regarding the Rosens' motion to stay the proceedings and compel arbitration, the bankruptcy court stated in its order that the arbitration provision of the contract was abrogated by the ongoing bankruptcy.

On December 12, 1990, the Rosens filed an answer and counterclaim to Pisgah's complaint. Then, on January 28, 1991, the bankruptcy court reconsidered its earlier dismissal of all claims asserted against Doris Rosen and amended its prior order to reinstate those claims.

On June 16 and 17, 1994, the bankruptcy court conducted a trial on the adversary proceeding. On August 19, 1994, the bankruptcy court issued findings of fact and conclusions of law in favor of Pisgah, holding that Pisgah was entitled to relief as to its breach of contract claim against the Rosens and awarding damages of over $220,000. The bankruptcy court dismissed the remainder of Pisgah's claims against the Rosens and the Rosens' counterclaim against Pis-

3

gah. The Rosens filed a timely notice of appeal to the United States District Court for the Western District of North Carolina.

On November 2, 1995, the district court reversed and remanded. In its memorandum opinion and order, the district court, inter alia, held that the arbitration provision contained in the parties' agreement must be honored despite the ongoing bankruptcy proceedings and that doing so would not interfere with either the provisions or the policies of the Bankruptcy Code. The district court then remanded the case to the bankruptcy court for referral to arbitration of the contractual dispute between the parties in accordance with their pre-petition agreement. Pisgah filed a motion for reconsideration, and on January 30, 1996, the district court denied Pisgah's motion.

Pisgah filed a timely notice of appeal, and the Rosens cross-appealed. Pisgah subsequently filed with the district court a motion for a stay of the arbitration proceedings pending appeal, which was denied on March 12, 1996. In its order denying Pisgah's motion to stay the arbitration proceedings, the district court expressly declined to certify its earlier order directing arbitration to proceed under 28 U.S.C. § 1292(b) for immediate appeal. The district court stated that its order compelling arbitration did not involve a controlling question of law, nor would further litigation of the matter advance the ultimate termination of the case.

Pisgah then filed a motion to stay the arbitration proceedings pending appeal with this court, and we denied that motion on March 19, 1996.

II.

In response to Pisgah's filing of this appeal, the Rosens argue primarily that we lack appellate jurisdiction over the district court's order directing arbitration to proceed. Section 16 of the Federal Arbitration Act (the Act) governs when a party may appeal, inter alia, orders compelling or refusing to compel arbitration. See 9 U.S.C. § 16; see also Stedor Enterprises, Ltd. v. Armtex, Inc., 947 F.2d 727, 729 (4th Cir. 1991) (§ 16 governs appeals from district court orders in cases involving arbitration). Because the district court's order in

4

this case compels the arbitration of the parties' dispute, we must determine whether we have jurisdiction to hear this appeal under § 16.

Section 16(a) provides that an appeal may be taken from any order favoring litigation over arbitration, including orders refusing to compel arbitration.**1** See 9 U.S.C. § 16(a)(1); Stedor Enterprises, 947 F.2d at 730. In addition, § 16(a) provides that an appeal may be taken from "a final decision with respect to an arbitration." 9 U.S.C. § 16(a)(3). Section 16(b), however, provides that, except as provided in 28 U.S.C. § 1292(b), an appeal may not be taken from an interlocutory order in favor of arbitration over litigation until after the arbitration has proceeded to a final award.**2**See id. § 16(b); Stedor Enterprises, 947 F.2d at 730. Under these provisions, then, while we have jurisdiction to consider an appeal from an interlocutory order denying a motion to compel arbitration, we generally do not have jurisdiction over an interlocutory order compelling arbitration or directing arbitration to proceed. See Stedor Enterprises, 947 F.2d at 730; Jeske v. Brooks, 875 F.2d 71, 73 (4th Cir. 1989). Taken together, subsections (a) and (b) of § 16 contemplate the immediate review of a decision favoring arbitration under only two circumstances: (1) when the district court's order represents "a final decision with respect to an arbitration," 9 U.S.C. § 16(a)(3); and (2) when 28 U.S.C. § 1292(b) provides the means for an interlocutory appeal, id. § 16(b). See Humphrey v. Prudential Sec., Inc., 4 F.3d 313, 317 (4th Cir. 1993). Since the district court's order in this case favored arbitration over litigation, by directing that arbitration proceed, our task is to determine

_____

**1** Specifically, § 16(a) provides that an appeal may be taken from: (1) an order refusing a stay of any action pending arbitration under § 3 of the Act; denying a petition under § 4 or an application under § 206 for an order compelling arbitration; confirming or denying confirmation of an award following arbitration; or modifying, correcting, or vacating an arbitration award; (2) an interlocutory order granting, continuing, or modifying an injunction against arbitration; and (3) a final decision with respect to an arbitration. See 9 U.S.C.§ 16(a).

**2** More precisely, § 16(b) provides that an appeal "may not be taken from an interlocutory order": (1) granting a stay of any action pending arbitration under § 3 of the Act; (2) directing arbitration to proceed under § 4; (3) compelling arbitration under § 206; or (4) refusing to enjoin an arbitration. 9 U.S.C. § 16(b).

5

whether the district court's order in this case falls within either of these two possible exceptions or bases for jurisdiction.

In addressing whether a particular order represents a "final decision" with respect to an arbitration, we have stated that "[a]n order compelling arbitration is final when it results from a proceeding in which the sole issue before the district court is the arbitrability of the dispute." Id. (emphasis added); see also Altman Nursing, Inc. v. Clay Capital Corp., 84 F.3d 769, 770-71 (5th Cir. 1996) (an order concerning arbitration is "independent" and, therefore, "final" where the only issue before the court is the dispute's arbitrability); Prudential Ins. Co. v. Lai, 42 F.3d 1299, 1302 (9th Cir. 1994) (a decision to compel arbitration is not reviewable unless the motion to compel arbitration "is the only claim before the district court"), cert. denied, 116 S. Ct. 61 (1995); Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953, 955 (10th Cir. 1994) (adopting majority approach permitting immediate review of order compelling arbitration only where"arbitrability is the sole issue before the district court"). Even where a district court's order compelling arbitration compels the arbitration of all substantive claims involved in the dispute, that order is not"final" for purposes of appealability, unless the only issue before the district court was whether an order directing arbitration should be issued or not. See Humphrey, 4 F.3d at 318; see also Perera v. Siegel Trading Co., Inc., 951 F.2d 780, 785-86 (7th Cir. 1992) (rejecting argument that order compelling arbitration was final, even though arbitration was not the sole issue before the district court, where district court ordered arbitration for all claims involved). The issue of whether an order compelling arbitration may be immediately appealed as a"final decision," then, depends on whether the order was issued in an"independent" action, in which the only issue before the court was whether the dispute should be arbitrated, or whether the order was issued in an "embedded" action, in which the arbitration issue was one issue among others for the district court to resolve. See Humphrey, 4 F.3d at 317; see also Altman Nursing, 84 F.3d at 770-71 (distinguishing between "independent" proceeding and "embedded" proceeding); Prudential Ins. Co., 42 F.3d at 1302 (same); Gammaro v. Thorp Consumer Discount Co., 15 F.3d 93, 95 (8th Cir. 1994) (same); Filanto, S.P.A. v. Chilewich Internat'l Corp., 984 F.2d 58, 60 (2d Cir. 1993) (same).

In this case, the arbitration issue was only one of numerous substantive issues presented to the bankruptcy court in the context of an

6

adversary proceeding instituted by Pisgah. Because the district court entered an order directing the parties to proceed to arbitration in the context of a larger breach of contract dispute, the arbitration issue was "embedded" in Pisgah's substantive breach of contract claim and, therefore, the district court's order was not a "final decision" for purposes of § 16(a)(3). See Jeske, 875 F.2d at 73-74 (dismissing appeal of district court order compelling arbitration where district court faced not only motions to compel arbitration, but also numerous substantive claims); see also Filanto, 984 F.2d at 61 (characterizing motion to stay proceedings and compel arbitration in the context of a breach of contract action as "a classic example of an embedded proceeding"). Section 16(a)(3), therefore, does not provide us with a basis for appellate jurisdiction in this case.

The second possible basis for appellate jurisdiction over a district court order compelling arbitration is 28 U.S.C. § 1292(b). See 9 U.S.C. § 16(b); Humphrey, 4 F.3d at 317. Section 1292(b) provides that a district court may certify an order for immediate appeal where the district court states in writing: (1) that the order involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b). The court of appeals then has the discretion to permit an appeal of the certified order. See id.

Section 1292(b) does not provide us with subject matter jurisdiction in this case because the district court expressly declined to certify its order compelling arbitration under § 1292(b). In its order denying Pisgah's motion to stay arbitration pending this appeal, the district court stated that its order directing arbitration to proceed did not involve a controlling question of law as to which there was substantial ground for difference of opinion. The district court stated further that an immediate appeal would not advance the ultimate termination of the case. Therefore, the requirements for our assertion of appellate jurisdiction over an interlocutory order under § 1292(b) are not met.

III.

The district court's order is neither a "final decision" immediately appealable under § 16(a)(3) of the Act nor an interlocutory order that

7

has been certified under 28 U.S.C. § 1292(b). Rather, it is an order compelling arbitration over which we lack jurisdiction under the clear directive of § 16 of the Act. Accordingly, this appeal is dismissed.

<u>DISMISSED</u>

8