IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-3541
USDC No. CA-92-2196-G-5
_____

ILVA (USA), INC.,

                                        Plaintiff-Appellant,

versus

ALEXANDER'S DARING M/V, its
engines, tackle, radios,
furniture, fixtures, gear,
apparel, appurtenances, ETC.,
ET AL.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

(November 10, 1993)

Before SMITH, WIENER, and EMILIO M. GARZA, Circuit Judges.

BY THE COURT:

     Ilva (USA) appeals an order staying its damages action pending arbitration. Appellees Thermaikos Navigation Co., Ltd., Alexander's Daring, Ltd., Alexco Shipmanagement (Hellas), Ltd., and Sidermar Di Navagazione SpA have moved to dismiss the appeal for lack of jurisdiction under 9 U.S.C. § 16(b) and McDermott Int'l., Inc. v. Underwriters at Lloyds, 981 F.2d 744 (5th Cir.), cert. denied, 113 S. Ct. 2442 (1993).

     Ilva concedes that under 9 U.S.C. § 16(b), an interlocutory order granting a stay pending arbitration is not an appealable

order.  See McDermott, 981 F.2d at 747.  Ilva contends, however,

that because it waived its right to arbitration in its notice of

appeal, it is subject to having its claims against appellees

dismissed with prejudice.  Therefore, Ilva maintains the district

court's order is final and appealable under 28 U.S.C.

§ 1292(a)(3).

We reject this argument.  "An order is considered final if

it `ends the litigation on the merits and leaves nothing for the

court to do but execute the judgment.'"  McDermott, 981 F.2d at

747 (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.

Ct. 631, 89 L. Ed 911 (1945)).  In determining whether an order
affecting arbitration is final or interlocutory, most courts
distinguish between arbitration actions that are "independent"
and those that are "embedded" among other claims.  Generally, if
the only issue before the court is the dispute's arbitrability,
the action is considered independent and a court's decision on
that issue constitutes a final decision.  If, however, the case
includes other claims for relief, an arbitrability ruling does
not "end the litigation on the merits", but is considered
interlocutory only.

Id. (citations omitted).

Here, the district court's order does not end the litigation

on the merits and is not a final order, despite Ilva's waiver of

its arbitration rights in the notice of appeal.  The arbitration

issue arose in the context of Ilva's damages action against

appellees and I.T.O. Corp.  The claim against I.T.O. is pending

in the district court, and must be resolved regardless of the

outcome of the arbitration.  Further, there has been no judgment

entered on the claims against the appellees.

State Establishment for Agric. Prod. Trading v. M/V

WESERMUNDE, 838 F.2d 1576 (11th Cir.), cert. denied, 488 U.S. 916

(1988), provides no support for Ilva's argument that we should construe the district court's order as final because of the waiver.  That appeal of an order compelling arbitration did not go forward until the district court dismissed the action with prejudice for State Establishment's failure to prosecute.  Id. at 1579.  There has been no similar final order in this case.  Ilva may pursue in the district court the remedies outlined in State Establishment.  Id. at 1582-83.

Accordingly, the appeal is DISMISSED.