United States Court of Appeals,

Fifth Circuit.

No. 95-10816

Summary Calendar.

ALTMAN NURSING, INC., Plaintiff-Counter-Defendant-Appellant,

v.

CLAY CAPITAL CORP., Defendant-Counter-Claimant-Appellee.

June 6, 1996.

Appeal from the United States District Court for the Northern District of Texas.

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Altman Nursing, Inc. ("Altman"), appeals an order requiring arbitration both of its claims against Clay Capital and of Clay's counterclaims. Concluding that the order is not final, we dismiss the appeal for want of jurisdiction.

I.

Altman and Clay entered into a stock purchase agreement containing an arbitration clause. When a dispute arose concerning Altman's obligations under the agreement, Altman filed various claims in the district court but did not seek to compel arbitration.

Clay responded by filing various counterclaims and moving to compel arbitration pursuant to the agreement. The district court granted Clay's motion and ordered all claims submitted to arbitration. Altman appealed.

II.

Clay maintains that we should dismiss the appeal because the motion to compel arbitration was an "embedded" proceeding, and there can be no interlocutory appeal from an embedded proceeding. The Arbitration Act, codified as amended at 9 U.S.C. §§ 1-16, governs appellate jurisdiction over orders compelling arbitration:

> (a) An appeal may be taken from—
>
> .    .    .    .    .
>
> > (3) a final decision with respect to an arbitration that is subject to this title.
>
> (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
>
> > (1) granting a stay of any action under section 3 of this title;
> >
> > (2) directing arbitration to proceed under section 4 of this title;
> >
> > (3) compelling arbitration under section 206 of this title;  or
> >
> > (4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16.  Thus, an order compelling arbitration is appealable only if it is a final order.  Interlocutory orders compelling arbitration are not appealable.  *McDermott Int'l, Inc. v. Underwriters at Lloyds,* 981 F.2d 744, 746-47 (5th Cir.), *cert. denied,* 508 U.S. 951, 113 S.Ct. 2442, 124 L.Ed.2d 660 (1993).

Most courts determine whether an order compelling arbitration is final or interlocutory by looking to whether the arbitration claim is "independent" or is "embedded" in other proceedings. *Id.* at 747.  An independent proceeding is one in which "the only issue before the court is the dispute's arbitrability." *Id.;  see also*

2

*Gammaro v. Thorp Consumer Discount Co.,* 15 F.3d 93, 95 (8th Cir.1994) (quoting *McDermott* ). An embedded claim, on the other hand, arises in a suit in which "one party or the other seeks "some relief other than an order requiring or prohibiting arbitration (typically some relief concerning the merits of the allegedly arbitrable dispute).' " *Id.* (quoting *Filanto, S.P.A., v. Chilewich Int'l Corp.,* 984 F.2d 58, 60 (2d Cir.1993)).

The claim for arbitration in this case is an embedded one, as Altman concedes: The parties not only seek to compel arbitration, but also seek relief on a number of underlying claims. Altman contends that the arbitration order is nonetheless a final order, because it completely ended litigation and sent all claims to arbitration. Altman relies on *Arnold v. Arnold Corp.,* 920 F.2d 1269 (6th Cir.1990), which held that an arbitration order was final, though it involved an embedded claim, because it "dismisse[d] an action in deference to arbitration and enter[ed] a final judgment." *Id.* at 1275 (quotations omitted).

We disagree. The appropriate test of finality is whether the order involved an independent or embedded proceeding. An order involving an embedded proceeding is always an interlocutory order; an order involving an independent claim is always final. In reaching this conclusion, we are persuaded both by our own statements in *McDermott* and by the decisions of our fellow courts of appeals.

*McDermott* did not explicitly hold that there can never be an interlocutory appeal from an embedded proceeding. It did, however,

strongly suggest that conclusion:

> In determining whether an order affecting arbitration is final or interlocutory, most courts distinguish between arbitration actions that are "independent" and those that are "embedded" among other claims. Generally, if the only issue before the court is the dispute's arbitrability, the action is considered independent and a court's decision on that issue constitutes a final decision. If, however, the case includes other claims for relief, an arbitrability ruling does not end the litigation on the merits, but is considered interlocutory only.

981 F.2d at 747 (citations and internal quotations omitted). In fact, a number of other courts have cited *McDermott* in holding that orders involving embedded proceedings are not appealable under the Arbitration Act. *See, e.g., Gammaro,* 15 F.3d at 95; *Filanto,* 984 F.2d at 60.

We are also persuaded by the fact that the overwhelming majority of other circuits to address this issue have concluded that there can be no interlocutory appeal from an embedded proceeding.[1] Only the Sixth Circuit, in *Arnold,* has reached a

---

[1] *See, e.g., Prudential Ins. Co. of Am. v. Lai,* 42 F.3d 1299, 1302 (9th Cir.1994) ("if the motion to compel arbitration is "embedded' in a substantive suit pending before the court, the district court's decision to compel arbitration ... is not considered to be final, and therefore not reviewable"); *Adair Bus Sales v. Blue Bird Corp.,* 25 F.3d 953, 955 (10th Cir.1994) (adopting view "that an order can only be final within the meaning of § 16(a)(3) and therefore immediately appealable if arbitrability is the sole issue before the district court"); *Gammaro,* 15 F.3d at 95 (appellate courts do not have jurisdiction to hear appeals from embedded proceedings); *Humphrey v. Prudential Sec. Inc.,* 4 F.3d 313, 317 (4th Cir.1993) ("An order compelling arbitration is final when it results from a proceeding in which the sole issue before the district court is the arbitrability of the dispute."); *Filanto,* 984 F.2d at 60 ("If the suit is "embedded[,]' ... orders directing arbitration are not immediately appealable."); *Perera v. Siegel Trading Co.,* 951 F.2d 780, 785 (7th Cir.1992) ("[T]his court finds arbitration orders final if arbitration is the sole issue before the court and interlocutory if raised in an embedded proceeding.").

4

different conclusion.[2]   But *Arnold* looked to the legislative history of section 16 of the Arbitration Act to find the meaning of "final decision."   We believe this approach was wrong for the reasons stated by the Seventh Circuit in *Perera:*

> "Final decision" is a legal term of art traditionally used to distinguish appealable and nonappealable lower court decisions under 28 U.S.C. § 1291—the general provision governing appellate jurisdiction. Judicial decisions have given meaning to this term of art.   Section 16 does not define the term "final decision," nor does it indicate an intent to change the preexisting judicial interpretation of this term of art.   As such, we can assume that by using a term of art Congress intended to retain its preexisting meaning.   Moreover, [as] section 16 uses very specific language to change the prior law regarding the appealability of interlocutory decisions disfavoring arbitration, 9 U.S.C. § 16(a)(1)(A-C), it seems that Congress would have been equally specific if it had intended to change the preexisting interpretation of "final decision."

951 F.2d at 783-84 (citations omitted).

Accordingly, we conclude that an order requiring arbitration in an embedded proceeding is interlocutory and hence not appealable under the Arbitration Act.   Because this proceeding is an embedded one, we conclude that we lack jurisdiction to hear the appeal.

The appeal is DISMISSED.

---

[2]*See Arnold,* 920 F.2d at 1275 ("[A] final order is one which dismisses "an action in deference to arbitration' and enters a final judgment.").