United States Court of Appeals,

Fifth Circuit.

No. 95-31242.

F.C. SCHAFFER & ASSOCIATES, INC., Plaintiff-Appellant,

v.

DEMECH CONTRACTORS, LTD., Defendant-Appellee.

Dec. 9, 1996.

Appeal from the United States District Court for the Middle District of Louisiana.

Before KING, JONES and DUHÉ, Circuit Judges.

PER CURIAM:

F.C. Schaffer & Associates, Inc. appeals the district court's order staying its declaratory judgment action and compelling arbitration. Because we conclude that the district court's order is not a final appealable order under the Federal Arbitration Act, 9 U.S.C. § 16, we dismiss the appeal for want of jurisdiction.

## I. Facts

F.C. Schaffer & Associates, Inc. ("Schaffer") and Demech Contractors, Ltd. ("Demech") entered into a joint venture agreement (the "agreement") on October 29, 1992, to secure a contract from the Ethiopian Sugar Company ("ESC") to construct a sugar factory and ethanol plant in Finchaa, Ethiopia. According to its terms, the agreement expired either on the ESC's award of the contract to another bidder or on March 31, 1993, or any extension date agreed to by the parties in writing, if the ESC has not by that date awarded the contract. The parties agreed in writing to extend the expiration date several times, the last date being December 31, 1993.

From December of 1993 to October of 1994, Schaffer negotiated with the ESC to secure the contract. The ESC finally awarded the contract to Schaffer in October of 1994, more than ten months after the agreement seemingly expired. Throughout the ESC/Schaffer negotiations period, and for many months after the contract was awarded, Schaffer and Demech continuously dealt with one another on the assumption that Demech would perform a portion of the contract. However,

relations between Schaffer and Demech eventually deteriorated, and Demech ultimately was excluded from the project.

On June 27, 1995, Demech filed a demand for arbitration pursuant to Article 24 of the agreement,[1] claiming it was entitled to $4.5 million of lost profits and damages due to "Schaffer's "refusal to allow [Demech] to perform work in accordance with the agreement.' "  In response, Schaffer filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.,* arguing no such obligation arose from the agreement as it had expired before Schaffer was awarded the contract and asking the district court (1) to stay the arbitration initiated by Demech, (2) to enjoin Demech permanently from any attempt to proceed with an arbitration, and (3) to issue a declaration that Schaffer was not obligated by the allegedly expired agreement to subcontract with Demech.  On the same day, Schaffer moved for a preliminary injunction staying the arbitration.

After hearing evidence on the motion for preliminary injunction, the magistrate judge, who was hearing the case by agreement, denied Schaffer's request for preliminary injunction and stayed the district court litigation pending arbitration of the parties' dispute.  From this order, Schaffer appeals.

## II. Appellate Jurisdiction

"The Federal Arbitration Act ["the Act"] prohibits appeals from *interlocutory* orders compelling arbitration, but permits appeals from *final* orders compelling arbitration." *Sphere Drake Ins. PLC v. Marine Towing, Inc.,* 16 F.3d 666, 667-68 (5th Cir.) (emphasis added), *cert. denied,* --- U.S. ----, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).  *See* 9 U.S.C. § 16.  An order is final that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.  *See id.*

---

[1]Article 24 provides:

> Any dispute arising in connection with the construction or the implementation of this Agreement shall be finally settled under the UNCITRAL Arbitration Rules by one or more arbitrators appointed in accordance with said rules.
>
> The arbitrator's decision shall be final and binding upon the Parties and not subject to appeal.

Additionally, we have stated:

> In determining whether an order affecting arbitration is final or interlocutory, most courts distinguish between arbitration actions that are "independent" and those that are "embedded" among other claims. Generally, if the only issue before the court is the dispute's arbitrability, the action is considered independent and a court's decision on that issue constitutes a final decision. If, however, the case includes other claims for relief, an arbitrability ruling does not "end the litigation on the merits," but is considered interlocutory only.

*McDermott Int'l, Inc. v. Underwriters at Lloyds Subscribing to Memo. of Ins. No. 104207,* 981 F.2d 744, 747 (5th Cir.) (citations omitted), *cert. denied,* 508 U.S. 951, 113 S.Ct. 2442, 124 L.Ed.2d 660 (1993).

Demech argues that this court lacks jurisdiction because Schaffer's preliminary injunction motion raised the issue of arbitrability in an embedded proceeding. An embedded proceeding, asserts Demech, is a proceeding in which "the arbitrability issue has been raised in some broader context—usually an ordinary plenary action on the underlying substantive dispute brought in disregard of the arbitration commitment." David D. Siegel, Practice Commentary, 9 U.S.C.A. § 16, at 306 (West Supp.1996). Demech contends that Schaffer raised the arbitrability issue in the context of its declaratory judgment action, in which Schaffer sought a declaration on the underlying substantive issue of Schaffer's alleged obligation to Demech under the agreement. In support of its position, Demech cites to *American Casualty Co. v. L-J, Inc.,* 35 F.3d 133 (4th Cir.1994).[2]

---

[2]In *American Casualty,* L-J, Inc. ("L-J"), as general contractor on a state road construction project, subcontracted portions of the project to U.S. Construction Company, Inc. ("U.S."). In turn, U.S. solicited American Casualty Company ("American") to act as its surety. American executed performance and payment bonds obligating it to L-J in the event of U.S.'s default on the subcontract. Each bond acknowledged and incorporated the terms of the subcontract, including its arbitration clause.

During the course of the project, U.S.'s ability to complete the subcontract became questionable, so L-J sent a demand for arbitration to both U.S. and American, which L-J also filed with the American Arbitration Association. In the demand, L-J asserted that U.S. had defaulted on the subcontract and that American had refused to cure the default. In response to this demand, American filed suit seeking a preliminary injunction to stay arbitration pending litigation on the underlying bonds and contracts, a permanent injunction barring all arbitration proceedings related to this matter, and a declaration either that the bonds it executed as U.S.'s surety were null and void or that it had not acted in bad faith in handling this matter. American moved to stay arbitration, and L-J moved to stay litigation and compel arbitration. The trial court granted L-J's motion and denied American's motion. After the trial court denied American's motion to reconsider its order, American appealed the order staying the litigation and compelling arbitration.

Schaffer argues that the jurisprudentially-created dichotomy between "embedded" and "independent" proceedings used to determine finality—and thus appealability—of orders compelling arbitration was developed prior to the Supreme Court's decision in *First Options of Chicago, Inc. v. Kaplan,* --- U.S. ----, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), in which the Court ruled that a district court must determine as a threshold matter whether the parties agreed to arbitrate the issue of arbitrability. Therefore, Schaffer argues, this dichotomy should not be employed in this case because the lower court did not expressly decide the issue of arbitrability. Schaffer argues that the lower court's lack of discussion on the arbitrability issue suggests that it has abdicated its *First Options* responsibility to determine whether the parties agreed to arbitrate arbitrability and we, therefore, have jurisdiction at this time to review the district court's decision of the arbitrability issue. Although we agree with Schaffer that the district court has an affirmative responsibility to decide the arbitrability issue, we disagree with Schaffer regarding *when* this court has jurisdiction to review the district court's decision of that issue.

Whatever else it does, *First Options* does not specifically displace or even allude to the jurisprudence that has developed under the FAA, 9 U.S.C. § 16, limiting appeals of orders to arbitrate. *First Options* in no way answers the question whether finality of an arbitration order should be judged by considering as a threshold matter whether a proceeding is "embedded" or "independent." *First Options* places the burden on the district court to look closely at the agreement between the parties and determine whether the parties agreed to arbitrate the issue of arbitrability. Once the district court has made the decision in an "embedded" proceeding that the parties' dispute is arbitrable, this court lacks jurisdiction to review the district court's decision regarding the arbitrability of the parties' dispute until there is an appealable, *i.e.* final, order.

It is not the case, as Schaffer argues, that Schaffer will be left with virtually no remedy,

---

The Fourth Circuit held "[t]he lower court's order [did] not constitute "a final decision with respect to an arbitration' because the arbitration claims were embedded in an action asserting other claims." *Id.* at 139. Specifically, the court found that "American clearly sought relief, albeit only declaratory relief, beyond a determination as to the arbitrability of this dispute." *Id.* at 137. Thus, the court concluded it lacked jurisdiction to consider the questions presented in American's appeal. *See id.* at 139.

because of the deference afforded an arbitrator's award, if the district court has mistakenly forced it to arbitrate the issue of arbitrability.  If the district court confirms the arbitration award, this court will then have jurisdiction to conduct a "typical" review of the district court's decision regarding the scope of the agreement to arbitrate.  *See First Options,* --- U.S. at ----, 115 S.Ct. at 1926 (reversing finding of agreement to arbitrate arbitrability and ruling that an appellate court reviewing a district court's decision regarding the arbitrability of the arbitrability issue should accept findings of fact if not clearly erroneous, but should decide questions of law *de novo* );  *Gateway Technologies, Inc. v. MCI Telecommunications Corp.,* 64 F.3d 993, 996 (5th Cir.1995) (appellate courts review a district court's confirmation of an arbitration award under the *de novo* standard).

### III. Conclusion

We find *American Casualty Co., supra,* indistinguishable from the present case.  Although we have not previously been asked whether an order compelling arbitration in a case in which the appellant has sought *only* declaratory relief is immediately appealable, the result reached by our sister circuit comports with our jurisprudence.  *See Ilva (USA), Inc. v. Alexander's Daring M/V,* 10 F.3d 255 (5th Cir.1993);  *West of England Ship Owners Mut. Ins. Ass'n v. American Marine Corp.,* 981 F.2d 749 (5th Cir.1993);  *McDermott Int'l, Inc. v. Underwriters at Lloyds Subscribing to Memorandum of Ins. No. 104207,* 981 F.2d 744 (5th Cir.1993);  *Purdy v. Monex Int'l Ltd.,* 867 F.2d 1521 (5th Cir.), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 136 (1989).  Accordingly, we hold that Schaffer's preliminary injunction motion raises the issue of arbitrability within the broader context of its declaratory judgment action, such that the arbitration order does not amount to a final appealable order.  Consequently, Schaffer's appeal is **DISMISSED** for want of jurisdiction.

EDITH H. JONES, Circuit Judge, concurring:

I write separately to express dissatisfaction with the required outcome of this appeal.  Relying, as we must, on the language of the applicable statute[1] and this circuit's precedent,[2] this court

---

[1]*See* 9 U.S.C. § 16 (Supp.1996).

[2]*See Ilva (USA), Inc. v. Alexander's Daring M/V,* 10 F.3d 255, 256 (5th Cir.1993) (ruling that this court had no jurisdiction to entertain an appeal of an interlocutory order compelling arbitration);  *West of England Ship Owners Mut. Ins. Ass'n v. American Marine Corp.,* 981 F.2d

necessarily concludes that we do not have jurisdiction to entertain this appeal at this time. However, this result seems to run against the spirit of the Supreme Court's decision in *First Options v. Kaplan,* --- U.S. ----, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). In *First Options,* the Court described arbitration as a remedy employed as "a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." *Id.* at ----, 115 S.Ct. at 1924; *see AT & T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (arbitration "is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit"). The heart of arbitration is the agreement between the parties.

In this case, the parties' contract upon which the lower court relied in compelling arbitration appears to have expired several months prior to the parties' current business dealings. However, Schaffer is being forced into arbitration with Demech under the terms of the expired agreement. Requiring Schaffer to expend its resources now by participating in a potentially unwarranted arbitration proceeding without the benefit of this court's review of the lower court's decision compelling arbitration is an unfortunate result which seems to run against the notion that parties should not be forced to arbitrate disputes when they did not agree to do so. Nevertheless, any review by this court will have to wait for another day.

---

749, 751 (5th Cir.1993) (same); *McDermott Int'l, Inc. v. Underwriters at Lloyds Subscribing to Memorandum of Ins. No. 104207,* 981 F.2d 744, 748 (same); *Purdy v. Monex Int'l Ltd.,* 867 F.2d 1521, 1523 (5th Cir.) (same), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 136 (1989).