EDITH H. JONES, Circuit Judge,
concurring:
I write separately to express dissatisfaction with the required outcome of this appeal. Relying, as we must, on the language of the applicable statute[1] and this circuit’s precedent,[2] this court necessarily concludes that we do not have jurisdiction to entertain this appeal at this time. However, this result seems to run against the spirit of the Supreme Court’s decision in First Options v. Kaplan, — U.S. -, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). In First Options, the Court described arbitration as a remedy employed as “a way to resolve those disputes— but only those disputes — that the parties have agreed to submit to arbitration.” Id. at -, 115 S.Ct. at 1924; see AT & T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (arbitration “is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit”). The heart of arbitration is the agreement between the parties.
In ■ this case, the parties’ contract upon which the lower court relied in compelling arbitration appears to have expired several months prior to the parties’ current business dealings. However, Schaffer is being forced into arbitration with Demech under the terms of the expired agreement. ■ Requiring Schaffer to expend its resources now by participating in a potentially unwarranted arbitration proceeding without the benefit of this *44 court’s review of the lower court’s decision compelling arbitration is an unfortunate result which seems to run against the notion that parties should not be forced to arbitrate disputes when they did not agree to do so. Nevertheless, any review by this court will have to wait for another day.

. See 9 U.S.C. § 16 (Supp.1996).

. See Ilva (USA), Inc. v. Alexander’s Daring M/V, 10 F.3d 255, 256 (5th Cir.1993) (ruling that this court had no jurisdiction to entertain an appeal of an interlocutory order compelling arbitration); West of England Ship Owners Mut. Ins. Ass'n v. American Marine Corp., 981 F.2d 749, 751 (5th Cir.1993) (same); McDermott Int’l, Inc. v. Underwriters at Lloyds Subscribing to Memorandum of Ins. No. 104207, 981 F.2d 744, 748 (same); Purdy v. Monex Int’l Ltd., 867 F.2d 1521, 1523 (5th Cir.) (same), cert. denied, 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 136 (1989).