USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-1694

 SEACOAST MOTORS OF SALISBURY, INC.,

 Plaintiff, Appellant,
 
 v.
 
 CHRYSLER CORPORATION,
 
 Defendant, Appellee.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. Robert B. Collings, U.S. Magistrate Judge]
 

 Before
 
 Stahl, Circuit Judge,
 Cyr, Senior Circuit Judge,
 and Shadur,* District Judge,
 
 

 Nicholas J. Decoulos, with whom Decoulos & Decoulos was on
brief, for appellant.
 George W. Mykulak, with whom Robert D. Cultice, Louis J.
Scerra, Jr., and Goldstein & Manello, P.C. were on brief, for
appellee.

May 13, 1998

 
 
_____________________
*Of the Northern District of Illinois, sitting by designation. STAHL, Circuit Judge. Plaintiff-appellant Seacoast
Motors of Salisbury, Inc. ("Seacoast") appeals from a district
court order dismissing its complaint and compelling arbitration. 
We hold that we lack jurisdiction to review the propriety of the
district court's non-final, "embedded" order compelling
arbitration. 
 I. FACTS AND PRIOR PROCEEDINGS
 On October 21, 1991, Seacoast, an automobile dealership,
and Chrysler Corporation ("Chrysler") entered into five agreements
authorizing Seacoast to sell and service new Chrysler motor
vehicles in Salisbury, Massachusetts. By the terms of the
agreements, all disputes had to be submitted to arbitration. On
 February 6, 1996, Chrysler notified Seacoast that it intended to
 establish a new Chrysler dealership in nearby Haverhill,
 Massachusetts. In response, on August 9, 1996, Seacoast filed a
 complaint in the Essex County Superior Court alleging that, by
 seeking to establish a dealership in Seacoast's market area,
 Chrysler had engaged in unfair or deceptive acts or practices in
 violation of Mass. Gen. Laws ch. 93B. Seacoast sought to enjoin
 establishment of the new franchise and to recover damages, fees,
 and costs. 
 On August 22, 1996, Chrysler removed the case to federal
 court based on diversity jurisdiction. Shortly thereafter, relying
 on sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9
 U.S.C. 1-16, Chrysler moved for "an order dismissing or,
 alternatively, staying the action and compelling the plaintiff
 . . . to proceed with arbitration." Seacoast opposed the motion on
 the ground that arbitration in this case would contravene public
 policy. Pursuant to an agreement between the parties, the case was
 transferred to a magistrate judge, who, on April 22, 1997,
 dismissed the case with costs and compelled arbitration. Seacoast
 now appeals the dismissal.
 II. DISCUSSION
 Seacoast urges us to review the propriety of the lower
 court's order, which both dismissed the action and compelled
 arbitration. The question that we must address initially is
 whether appellate jurisdiction attaches to the court's order
 compelling arbitration. We conclude that the order was
 interlocutory, and that we therefore lack jurisdiction to review
 it.
 Section 3 of the FAA provides that, when an action
 implicates an issue covered by an arbitration agreement between the
 parties, the district court, at the request of any party, "shall
 . . . stay the trial of the action until such arbitration has been
 had in accordance with the terms of the agreement." 9 U.S.C. 3. 
 Section 4 provides that any party to an arbitration agreement may
 petition the district court for an order compelling arbitration,
 irrespective of any ongoing proceeding. See id. 4. Appellate
 review of orders that favor arbitration -- that is, orders that
 stay an action pending arbitration pursuant to section 3 or compel
 arbitration under section 4 -- is proscribed, if those orders are
 "interlocutory." See id. 16(b)(1) & (2). Under section
 16(a)(3), however, an appellate court may review the merits of
 orders that favor arbitration, if those orders are "final
 decision[s]." Id. 16(a)(3). Thus, whether a particular order
 favoring arbitration is appealable depends on whether it is final
 or interlocutory.
 The general rule governing what constitutes a final
 decision under section 16 is that an order compelling arbitration
 is not final, and therefore not immediately reviewable, if the
 arbitrability issue is "embedded" -- that is, "if issues other than
 the propriety of arbitration are raised or relief other than a
 determination as to the arbitrability of the dispute is sought." 
 Adair, 25 F.3d at 955. By contrast, an order qualifies as a final
 order within the meaning of section 16 if the action is
 "independent," or brought solely for the purpose of obtaining such
 an order. See Prudential Ins. Co. of America v. Lai, 42 F.3d 1299,
 1302 (9th Cir. 1994); Humphrey v. Prudential Secs., Inc., 4 F.3d
 313, 317 (4th Cir. 1993); S+L+H S.p.A. v. Miller-St. Nazianz, Inc.,
 988 F.2d 1518, 1522 (7th Cir. 1993); Filanto, S.P.A. v. Chilewich
 Int'l Corp., 984 F.2d 58, 60 (2d Cir. 1993). We follow this rule
 of appealability, which is based on finality principles that were
 firmly established at the time of section 16's enactment in 1988. 
 See Stedor Enters., Ltd. v. Armtex, Inc., 947 F.2d 727, 729-32 (4th
 Cir. 1991). 
 Chrysler's request for arbitration is embedded because
 the issue of arbitrability arises here in the context of a claim
 for relief (brought by Seacoast) that goes beyond a determination
 of the arbitrability of the dispute. It does not matter that all
 of the substantive claims in the suit -- the "other relief sought"
 -- are would-be subjects of the arbitration. See Gammaro v. Thorp
 Consumer Discount Co., 15 F.3d 93, 96 (8th Cir. 1994) (holding
 that, even when the pending suit is limited to arbitrable claims,
 the order compelling arbitration is embedded); Humphrey, 4 F.3d at
 318 (same). 
 However, that arbitrability was an embedded issue does
 not by itself answer the jurisdictional question. In most embedded
 proceedings in which the district court's decision favors
 arbitration, the district court, pursuant to section 3, stays the
 action pending arbitration. Here, by contrast, although the
 district court granted Chrysler's motion to compel arbitration, it
 entered an order dismissing, rather than staying, the proceedings. 
 We must address, then, whether a dismissal without prejudice in
 deference to arbitration in the context of an embedded proceeding
 is an appealable (that is, final) decision. 
 This circuit has not addressed this question before, and
 other circuits have been divided on the issue. As the Seventh
 Circuit outlined recently in Napleton v. General Motors Corp., 1998
 WL 117893, __ F.3d __, __ (7th Cir. 1998), some circuits have
 determined that an order of dismissal accompanying an order
 favoring arbitration is appealable as a final decision, even if the
 proceeding is embedded, see Armijo v. Prudential Ins. Co. of Am.,
 72 F.3d 793, 797 (10th Cir. 1995) (finding jurisdiction when, in an
 embedded proceeding, the district court had ordered arbitration and
 dismissed action, on the basis that the moving party had requested
 that the action be dismissed, not stayed, pending arbitration);
 Nationwide Ins. Co. of Columbus, Ohio v. Patterson, 953 F.2d 44, 46
 (3d Cir. 1991) (finding jurisdiction to review an arbitration order
 on the basis that "the district court's dismissal of [the] action
 plainly signifies that th[e] arbitration is not a part of any
 ongoing proceeding"); see also Arnold v. Arnold Corp., 920 F.2d
 1269, 1276 (6th Cir. 1990) (discerning in the FAA's legislative
 history an intention to abrogate the distinction between embedded
 and independent proceedings and to "allow[] appeals from final
 decisions affecting arbitration whether or not they direct or
 refuse to direct arbitration," and, correspondingly, finding
 jurisdiction to review an arbitration order in which the
 proceedings had been dismissed), while other circuits have focused
 on the distinction between embedded and independent proceedings to
 determine whether jurisdiction exists over an appeal from a
 dismissal of an order favoring arbitration, see McCarthy v.
 Providential Corp., 122 F.3d 1242, 1244 (9th Cir. 1997); In re
 Pisgah Contractors, Inc., 117 F.3d 133, 136 (4th Cir. 1997); Altman
 Nursing, Inc. v. Clay Capital Corp., 84 F.3d 769, 771 (5th Cir.
 1996); Gammaro, 15 F.3d at 96. 
 The Napleton panel followed the latter approach,
 concluding that "it is the nature of the underlying action, not the
 style of the district court's decision requiring arbitration, that
 determines whether we have jurisdiction over appeals from decisions
 granting arbitration." 1998 WL 117893, at *4, __ F.3d at __. We
 do likewise and hold that we lack jurisdiction under the FAA to
 review whether the court's order compelling arbitration was proper. 
 Such a result avoids elevating form over substance and promotes
 both the pro-arbitration purposes of the FAA and the institutional
 goal of avoiding piecemeal appeals and systemic delays. See id. at
 *4-*6, __ F.3d at __. 
 Accordingly, Seacoast's appeal is dismissed for want of
 appellate jurisdiction.
 
 Costs to appellee.