**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 99-10747**
**Summary Calendar**

**NATALIE F. HIMES,**

**Plaintiff-Appellant,**

**VERSUS**

**DALLAS/FORT WORTH MEDICAL CENTER-GRAND PRAIRIE; ET AL.,**

**Defendants,**

**DALLAS/FORT WORTH MEDICAL CENTER-GRAND PRAIRIE,**

**Defendant-Appellee.**

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-923-Y)

March 13, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Natalie F. Himes ("Himes") sued her former employer, Dallas/Fort Worth Medical Center-Grand Prairie ("DFWMC"), and other health care providers alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, defamation, blacklisting in violation of Texas Labor Code § 52.031, violation of the Fair Credit Reporting Act, and other state causes of action.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DFWMC answered and moved to stay prosecution of the suit and compel arbitration pursuant to a written arbitration agreement which Himes signed at the time she was first employed by DFWMC.  The district court granted the motion to stay and compel arbitration and Himes appeals.

We have carefully reviewed the briefs, the reply brief, the record excerpts, and relevant portions of the record itself.  We read the order granting stay and compelling arbitration entered on May 25, 1999, as amended by order entered July 23, 1999, as being an interlocutory order compelling arbitration in a proceeding in which arbitration is embedded with claims on other grounds against other parties.  Accordingly, we do not have appellate jurisdiction to determine the propriety of the district court's order of May 25, 1999.  *See* **McDermott Int'l, Inc. v. Underwriters at Lloyds**, 981 F.2d 744, 746 (5th Cir. 1993), and **Altman Nursing, Inc. v. Clay Capital Corp.**, 84 F.3d 769, 770 (5th Cir. 1996).

**APPEAL DISMISSED.**