**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-20140
_____

INTERDRILL, INC.,

Plaintiff - Appellant,

versus

BEAR STEARNS SECURITIES CORP.; BEAR STEARNS & CO.,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Texas
District Court Number H-98-3597

May 4, 2000

Before EMILIO M. GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Interdrill, Inc. ("Interdrill") appeals the district court's dismissal of its complaint against Bear Stearns Securities Corp. and Bear Stearns & Co. (collectively, "Bear Stearns"). Interdrill brought several claims against Bear Stearns arising from Bear Stearns's provision of services to Interdrill through a third party. The court disposed of Interdrill's claims in an order dismissing the case: (1) the court dismissed all but one of Interdrill's claims under Fed. R. Civ. P. 12(b)(6), for failure to state a claim; and (2) the court dismissed Interdrill's remaining fraud claim by finding that it was covered by an arbitration clause in an agreement between Bear Stearns and Interdrill. We must determine whether we have jurisdiction to hear Interdrill's appeal.

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Generally, we only have jurisdiction to review "final decisions of the district courts." 28 U.S.C. § 1291. The Federal Arbitration Act determines when arbitration rulings are final. *See* 9 U.S.C. § 16 (allowing appeal of "a final decision with respect to an arbitration that is subject to this title," but not allowing appeal "from an interlocutory order . . . compelling arbitration under section 206 of this title" or from an order "directing arbitration to proceed under section 4 of this title"). We apply the Act's distinction between final and interlocutory arbitration rulings by deciding whether the arbitration issue arises in an "independent" or "embedded" proceeding. *See Altman Nursing, Inc. v. Clay Capital Corp.*, 84 F.3d 769, 770 (5th Cir. 1996). An arbitration issue arises in an embedded proceeding when it "arises in a suit in which one party or the other seeks some relief other than an order requiring or prohibiting arbitration (typically some relief concerning the merits of the allegedly arbitrable dispute)." *Id.* at 770-71 (quotations omitted). An arbitration issue arises in an independent proceeding when "the only issue before the court is the dispute's arbitrability." *Id.* at 770 (quotations omitted). "[A]n order requiring arbitration in an embedded proceeding is interlocutory and hence not appealable under the Arbitration Act," *id.* at 772, even when the order "completely end[s] litigation and sen[ds] all claims to arbitration," *id.* at 771.[1]

Because it arose in a suit where Interdrill sought "relief other than an order requiring or prohibiting arbitration," *id.* at 770, the arbitration issue here arose in an embedded proceeding. Thus, even though the district court's arbitration ruling "completely ended [the] litigation" before it, we lack jurisdiction to review the arbitration ruling because it was not a final ruling. *Id.* at 771.

---

[1] This "distinction between independent and embedded proceedings has had a talismanic significance," *Napleton v. General Motors Corp.*, 138 F.3d 1209, 1211 (7th Cir. 1998), in several circuits, including ours. *See Cook v. Erbey*, — F.3d —, 2000 WL 263381, at * (9th Cir. March 10, 2000) (noting that the First, Second, Seventh, and Ninth Circuits also agree "that an order compelling arbitration is 'embedded' and therefore unappealable as interlocutory, even when the district court dismisses the entire action"; also noting that the Sixth, Tenth, and Eleventh Circuits disagree). However, three circuits have eschewed an emphasis on the embedded/independent distinction and have instead focused on whether the district court's ruling practically disposed of the matter below. *See, e.g.*, *Randolph v. Green Tree Fin. Corp.*, 178 F.3d 1149, 1154-57 (11th Cir. 1999) (finding that it had jurisdiction to review a dismissal with prejudice, even though it was the arbitration issue was embedded with other claims, because the dismissal effectively ended the case before the district court), *cert. granted* — U.S. —, — S. Ct. —, — L. Ed. 2d —, 2000 WL 122150 (April 3, 2000); *id.* at 1154 (noting that the Sixth and Tenth Circuits have adopted similar approaches). Interdrill urges us to follow this minority approach, but we are bound by our own precedent.

Similarly, we lack jurisdiction to review the district court's dismissal of Interdrill's other claims under Rule 12(b)(6). "[T]he rule as to finality requires that the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to *all the causes of action involved*." *Andrews v. United States*, 373 U.S. 334, 340, 83 S. Ct. 1236, 10 L. Ed. 2d 383 (1963) (emphasis added). Because the district court's ruling on the arbitration issue was not final, the court did not resolve "all the causes of action involved." *Id.* Accordingly, we lack jurisdiction to consider the court's Rule 12(b)(6) ruling at this time.[2]

Dismissed.

---

[2] Interdrill has not argued that any special jurisdictional doctrine allows it to appeal the Rule 12(b)(6) ruling. Additionally, the district court did not enter a Rule 54(b) judgment on the Rule 12(b)(6) claims. *Cf. Witherspoon v. White*, 111 F.3d 399, 402 (5th Cir. 1997) ("Until the district court makes an express determination [under Rule 54(b)] that no just reason for delay exists and expressly directs entry of judgment, finality will not attach to an order that disposes of some but not all of the defendants.").