## UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

No. 99-50520

ERNEST BUSTOS,

Plaintiff - Appellant

versus

PRIMERICA FINANCIAL SERVICES, INC; PRIMERICA LIFE INSURANCE COMPANY; PFS INVESTMENTS, INC; PRIMERICA FINANCIAL SERVICES HOME MORTGAGES, INC

Defendants - Appellees

PRIMERICA FINANCIAL SERVICES, INC; PRIMERICA LIFE INSURANCE COMPANY; PFS INVESTMENTS, INC; PRIMERICA FINANCIAL SERVICES HOME MORTGAGES, INC

Plaintiffs - Appellees

versus

ERNEST BUSTOS

Defendant - Appellant

Appeal from the United States District Court
For the Western District of Texas
District Court Numbers 98-CV-605, 99-CV-3

May 5, 2000

Before REAVLEY, SMITH, and EMILIO M. GARZA, Circuit Judges,

PER CURIAM:[*]

Ernest Bustos entered into employment contracts with Primerica Financial Services, Inc. and affiliated entities (collectively, "Primerica"). At issue in this appeal are restrictive covenants and arbitration clauses contained in those contracts.

Bustos was terminated by Primerica. He subsequently sued them, seeking declaratory and injunctive relief concerning the scope of the covenants. Primerica responded with a separate suit to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

compel arbitration. After the cases were consolidated, the district court ordered Bustos to submit to arbitration and preliminarily enjoined him from violating the covenants. Bustos appeals.

We lack jurisdiction to review the court's arbitration ruling. An arbitration ruling arises in an "embedded" proceeding when it "arises in a suit in which one party or the other seeks some relief other than an order requiring or prohibiting arbitration." *Altman Nursing, Inc. v. Clay Capital Corp.*, 84 F.3d 769, 770-71 (5th Cir. 1996). The proceeding here was embedded because the court consolidated Primerica's suit to enforce the arbitration clause with Bustos's suit to obtain declaratory relief. *See F.C. Schaffer & Assoc., Inc. v. Demech Contractors, Ltd.*, 101 F.3d 40, 41-42 (5th Cir. 1996). Because the ruling arose in an embedded proceeding, it "is interlocutory and hence not appealable." *Altman*, 84 F.3d at 772.

We have jurisdiction to review the preliminary injunction. *See* 28 U.S.C. § 1292(a).[1] We review entry of a preliminary injunction for abuse of discretion, reviewing underlying issues of law *de novo* and underlying factual determinations for clear error. *See Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 284-85 (5th Cir. 1999). Like the district court, we look to whether Primerica showed: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Id.* at 285. For the reasons set forth in the magistrate judge's report and recommendation (which the district court adopted), the district court did not abuse its discretion in finding that these four factors were met here. Accordingly, we affirm its imposition of a preliminary injunction.

---

[1] Our jurisdiction over the preliminary injunction ruling does not give us jurisdiction over the arbitration ruling. Section 1292(a) only gives us jurisdiction over "[i]nterlocutory orders of the district courts . . . granting . . . injunctions," and the arbitration ruling was distinct from the grant of the injunction. Although the issues involved partly overlapped, they were not the same. The arbitration ruling required a determination of whether the arbitration clauses were enforceable, while the injunction ruling required consideration of, *inter alia*, whether Primerica showed "a substantial likelihood" that the arbitration clauses were enforceable. *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999).

Nor is the arbitration ruling "inextricably intertwined" with the appealable injunction ruling. Bustos would obtain substantial benefit from having the preliminary injunction reversed even if we hold that we lack jurisdiction to consider the arbitration ruling. *See Silver Star Enterprises, Inc. v. M/V Saramacca*, 19 F.3d 1008, 1014 (5th Cir. 1994).

Affirmed in part and dismissed in part.