UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ANGELA G. MCKENZIE,
          *Plaintiff-Appellant,*

v.                                              No. 99-1576

SETA CORPORATION,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-97-1038)

Argued: November 3, 2000

Decided: December 8, 2000

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Wendu Mekbib, LAW OFFICES OF WENDU MEKBIB,
Vienna, Virginia, for Appellant. Richard Mark Dare, REED, SMITH,
HAZEL & THOMAS, L.L.P., Falls Church, Virginia, for Appellee.
**ON BRIEF:** Michael C. Montavon, MICHAEL C. MONTAVON,
P.C., Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

After Angela McKenzie was discharged from her job by SETA Corporation (SETA), she sued her former employer asserting Title VII sex discrimination and several state law claims. The district court granted SETA's motion to compel arbitration as provided for in McKenzie's employment application. After the arbitrator dismissed all of McKenzie's claims, McKenzie twice moved the district court to vacate the arbitral award. The district court denied McKenzie's motions to vacate and granted SETA's motion to confirm the award. McKenzie appealed the district court's orders compelling arbitration and denying her motions to vacate. We previously dismissed for lack of jurisdiction that portion of McKenzie's appeal challenging the orders denying her motions to vacate. The remaining portion of McKenzie's appeal, which challenges the district court's order compelling arbitration, must also be dismissed for lack of jurisdiction.

I.

On February 20, 1995, McKenzie began working for SETA in McLean, Virginia. SETA provides information technology systems and services to federal government agencies and other clients. SETA hired McKenzie as an executive secretary and later promoted her to the proposal production staff. In February 1995 McKenzie became pregnant, but she suffered a miscarriage soon thereafter. SETA allowed her to be absent from work for several days for recuperation. In December 1995 McKenzie became pregnant again. Because this pregnancy was plagued with complications, she missed many days of work. McKenzie explained the reasons for her absences to her supervisors. After several months, on April 12, 1996, when McKenzie was absent from work due to illness, SETA discharged her, stating that a "reduction in the proposal staff" was the reason.

On October 2, 1996, McKenzie filed a formal charge with the Fairfax County Human Rights Commission, alleging sex and pregnancy discrimination in SETA's decision to terminate her. The Human Rights Commission issued her a notice of right to sue. McKenzie subsequently filed this action in federal court, alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, wrongful discharge, intentional infliction of emotional distress, and breach of contract. SETA moved to compel arbitration on the ground that McKenzie had signed an employment application that included an arbitration clause. The application provided:

> I understand and agree to the following:
>
> . . . .
>
> . . . I understand that all controversies, claims, and/or disputes arising out of the termination of my employment with SETA Corporation shall be settled exclusively through binding arbitration.

The district court granted SETA's motion and stayed the case pending the completion of arbitration. The parties proceeded with arbitration, and on January 6, 1999, the arbitrator dismissed all of McKenzie's claims against SETA. In particular, the arbitrator concluded that McKenzie had not proven that SETA terminated her because of her pregnancy. SETA was required to pay the arbitrator's compensation and the other expenses of arbitration.

At this point, the procedural history of this action becomes important because the timing and nature of certain motions and orders in district court affect whether we have jurisdiction to hear this appeal. On March 8, 1999, McKenzie filed a motion to vacate the arbitral award, arguing that SETA fraudulently induced her to sign the employment application by concealing its (SETA's) knowledge that nonlawyers do not understand arbitration clauses. The district court denied the motion on March 29, 1999, reasoning that SETA's conduct did not rise to the level of fraud. On April 6, 1999, McKenzie filed a second motion to vacate the arbitral award, claiming that the arbitrator displayed partiality and a manifest disregard for the law by requiring direct evidence of SETA's discriminatory intent. On April 21,

1999, before the district court ruled on the second motion to vacate, SETA moved to confirm the arbitral award. On April 28, 1999, Mc-Kenzie noted an appeal from the district court's March 29, 1999, order denying her first motion to vacate and from the court's August 22, 1997, order compelling arbitration. On April 30, 1999, the district court denied McKenzie's second motion to vacate, concluding that she had failed to show actual bias on the part of the arbitrator and that the arbitrator's misapplication of the law is not a ground for vacating his award. On May 5, 1999, before the district court ruled on SETA's motion to confirm, McKenzie filed an amended notice of appeal, noting an appeal from the order denying her second motion to vacate. Two days later, on May 7, the district court entered an order confirming the arbitral award. McKenzie did not take an appeal from the confirmation order.

After McKenzie filed her briefs in our court, SETA moved to dismiss, for lack of jurisdiction, McKenzie's appeal insofar as it challenged the orders denying the motions to vacate. SETA argued that these orders are not appealable under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16. The FAA provides that an appeal may be taken from, among other things, an order "confirming or denying confirmation of an award or partial award," an order "modifying, correcting, or vacating an award," and "a final decision." 9 U.S.C. § 16(a). A final decision is one that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Stedor Enters., Ltd. v. Armtex, Inc.*, 947 F.2d 727, 731 (4th Cir. 1991) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). SETA argued that the orders *denying* the motions to vacate do not fall into any of the enumerated categories, nor are they final decisions because the litigation here continued and the district court still had something to do, that is, confirm the arbitral award. Therefore, according to SETA, the district court's "final decision" was rendered on May 7, 1999, when it confirmed the arbitral award. The confirmation order was an appealable order, but McKenzie failed to take an appeal from that order. We accepted SETA's argument and dismissed McKenzie's appeal with respect to the two orders denying the motions to vacate. *See McKenzie v. SETA Corp.*, No. 99-1576 (CA-97-1038) (4th Cir. Feb. 23, 2000). Accordingly, all that remains in the present appeal is McKenzie's challenge to the district court's order compelling arbitration.

## II.

McKenzie asserts that she is entitled to a trial by jury and that the district court should not have ordered the parties to resolve their dispute through arbitration. She first argues that the arbitration clause only said that she "understands" that all disputes are to be settled by arbitration, but the clause did not say that she "agrees" to such arbitration. Second, McKenzie claims that SETA fraudulently induced her to sign the employment application by hiding from her the company's knowledge that nonlawyers do not understand the meaning of arbitration. SETA responds on the merits, but it also argues that McKenzie's appeal should be dismissed because she failed to appeal from the confirmation order, the only appealable order in this case.

In an earlier order we dismissed McKenzie's appeal from the orders denying her motions to vacate the arbitration award. Those orders are not designated as appealable under the FAA, nor do they represent a "final decision" under the Act. *See* 9 U.S.C. § 16(a). We also have no choice except to dismiss the remaining portion of McKenzie's appeal. The one remaining order that McKenzie seeks to challenge, the interlocutory order granting the motion to compel arbitration, is not by itself an appealable order. *See id.* § 16(b)(3). In order to challenge it, McKenzie must have noted an appeal from a final decision or from an order designated as appealable under the FAA. *See F.C. Schaffer & Assocs. v. Demech Contractors, Ltd.*, 101 F.3d 40, 42-43 (5th Cir. 1996) ("[T]his court lacks jurisdiction to review the district court's decision regarding the arbitrability of the parties' dispute until there is an appealable, *i.e.* final, order."). Because there is no appealable order before us, we are without jurisdiction.

We would have jurisdiction if McKenzie had appealed from the confirmation order. At the time she filed her amended notice of appeal on May 5, 1999, she knew that SETA's motion to confirm the arbitral award was pending. Nevertheless, she chose to proceed with her appeal at that time. Two days after McKenzie filed her amended appeal, the district court issued its final decision, an order confirming the award. Because McKenzie did not note an appeal from that order, we must dismiss the remainder of this appeal for lack of jurisdiction.

*DISMISSED*