# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2013

Lyle W. Cayce
Clerk

No. 12-31089
Summary Calendar

PATRICK MCCARDELL,

Plaintiff–Appellant,

v.

REGENT PRIVATE CAPITAL, L.L.C.,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1136

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Patrick McCardell and Defendant–Appellee Regent Private Capital, L.L.C. (Regent), signed a guaranty related to the sale of an airship (a "blimp") owned by McCardell; the guaranty contained an arbitration clause that provided that the parties "will submit any disputes regarding this contract" to arbitration. The purchaser of the airship later defaulted, and McCardell sued Regent in Louisiana state court seeking a declaration that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31089

guaranty had not terminated when the airship was returned to McCardell by the purchaser. Regent removed the case to federal court and filed a motion to dismiss. Rather than dismissing McCardell's claim, the district court stayed the case pending arbitration. Although the court administratively closed the case "for statistical purposes," its stay order explicitly retained jurisdiction and provided that "if circumstances change," the case could "proceed to final disposition."

Before turning to the merits of an appeal, "[t]his court must examine the basis of its jurisdiction, on its own motion, if necessary."[1] The Federal Arbitration Act (FAA), under which the guaranty falls,[2] provides that "an interlocutory order granting a stay pending arbitration is not an appealable order."[3] The stay order here falls squarely within this rule. Though the district court administratively closed the case, this court has on an least three occasions held that such an order is *not* a final decision under the FAA and, in fact, precludes appellate review.[4] We therefore do not have jurisdiction over McCardell's appeal.

\*       \*       \*

APPEAL DISMISSED.

---

[1] *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam).

[2] *See* 9 U.S.C. § 2.

[3] *Ilva (USA), Inc. v. Alexander's Daring M/V*, 10 F.3d 255, 256 (5th Cir. 1993) (per curiam) (citing *McDermott Int'l, Inc. v. Underwriters at Lloyds*, 981 F.2d 744, 747 (5th Cir. 1993)); *see also* 9 U.S.C. § 16(b)(1).

[4] *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250-51 (5th Cir. 2006) (holding that an administrative dismissal is not a final decision under the FAA and therefore not appealable); *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (same with respect to an administrative closure); *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004) (same).