**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WEIS BUILDERS, INC.,
a Minnesota corporation,

      Plaintiff-Appellee,

v.

KAY S. BROWN LIVING TRUST,
a Colorado Trust; RYAN S. BROWN
TRUST, a Colorado Trust,

      Defendants-Appellants,

and

LICHTENFELS, PANSING &
MILLER, P.C., a Colorado
professional corporation,

      Defendant.

No. 02-1554
(D.C. No. 02-WY-965-AJ (OES))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

I.

Defendants-appellants Kay Brown Living Trust and Ryan S. Brown Trust (the "Trusts") commenced an arbitration proceeding relating to a purported construction contract with plaintiff-appellee Weis Builders, Inc. ("Weis"). Weis then filed a complaint in federal district court, based on diversity jurisdiction, seeking a declaratory judgment that there was no contract between the parties. Weis contended the Trusts had fraudulently induced Weis' signature on the contract by altering material terms in the final draft of the contract and failing to disclose this alteration to Weis. Weis also requested that the district court stay the arbitration proceeding pending the court's determination whether the parties had entered into a contract.

The Trusts moved to dismiss the complaint, arguing the *Rooker-Feldman* doctrine deprived the district court of subject matter jurisdiction. This doctrine, which takes its name from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), "generally prohibits lower federal courts from hearing federal claims requiring

direct review of final state court judgments." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998). In a published opinion, the district court denied the Trusts' *Rooker-Feldman* motion to dismiss and granted Weis' motion to stay arbitration pending its resolution of whether the parties had entered into a contract. *Weis Builders, Inc. v. Kay S. Brown Living Trust,* 236 F. Supp. 2d 1197, 1202, 1204 (D. Colo. 2002). The Trusts appeal, challenging only the ruling that the *Rooker-Feldman* doctrine did not apply so as to deprive the district court of subject matter jurisdiction. [1]

Weis has filed a motion to dismiss this appeal, arguing that the district court's order is interlocutory and, therefore, not immediately appealable. "Under 9 U.S.C. § 16(a)(2) of the Federal Arbitration Act, an interlocutory order granting an injunction against an arbitration that is subject to the Act is considered 'final' at least for the purposes of appeal." *Stifel, Nicolaus & Co. v. Woolsey & Co.,* 81 F.3d 1540, 1545 n.1 (10th Cir. 1996). "Congress intended to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration." *Adair Bus Sales, Inc. v. Blue Bird Corp.,* 25 F.3d 953, 955 (10th Cir.

---

[1] The Trusts' opening brief focuses exclusively on the *Rooker-Feldman* question of jurisdiction and does not advance any argument, other than lack of jurisdiction, why the district court erred in granting the stay of arbitration. "Issues not raised in the opening brief are deemed abandoned or waived." *Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) (quotation omitted).

1994) (quotation omitted).  Weis argues that the district court's order does not fall within § 16(a) because it simply stays arbitration pending the "prompt resolution" of the contract dispute.  Weis' Motion to Dismiss Appeal, dated January 6, 2003, at 8.  We disagree.  Although the order is "temporary in nature, it is an order that favors litigation over arbitration and is immediately appealable under § 16(a)." *McLaughlin Gormley King Co. v. Terminix Int'l Co.*, 105 F.3d 1192, 1193 (8th Cir. 1997) (quotations omitted); *see also KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 47 (1st Cir. 1999) ("The district court's orders stayed a pending arbitration proceeding and are immediately appealable.").  We conclude, therefore, that we have jurisdiction to hear this appeal.

## II.

Weis, a commercial construction general contractor, entered into negotiations with the Trusts, real estate developers, to build a hotel in Glendale, Colorado.  The proposed contract consisted of the standard "General Conditions of the Contract for Construction" contract published by the American Institute of Architects (AIA), together with a lengthy attachment, referred to as Exhibit A, which addressed matters specific to the proposed hotel project that were not covered by, or differed from, the form contract.  Included in the standard AIA

contract was a provision requiring arbitration of claims arising out of or related to the contract.

Weis contends that while the final draft of the contract was in the possession of the Trusts, the Trusts unilaterally made material price-and-performance-related alterations to Exhibit A, signed the contract on behalf of the Trusts and returned it to Weis for its signature without discussing, marking or otherwise notifying Weis of the material alterations made to Exhibit A. Weis signed the contract without discovering these alterations, which it contends had never been discussed or agreed to. When Weis discovered the alterations in Exhibit A one month later, sometime at the end of March 2000, it refused to proceed with the hotel construction project. The Trusts then developed the hotel property with a different contractor.

Before Weis discovered the contract discrepancies, the Trusts sent a letter to Weis on March 17, 2000, requesting Weis to pay for and obtain a building permit from the city of Glendale for the hotel project and to submit a bill to the Trusts for reimbursement of the fee. Weis sent Glendale a check for $31,369.06. Because the Trusts did not later reimburse Weis for the building permit fee, Weis filed a mechanic's lien against the Trusts' hotel property.

In September 2000, Weis applied to Glendale for a refund of the building permit fee. Because both Weis and the Trusts claimed entitlement to the refund,

Glendale filed an interpleader action (the "Interpleader Action") in Colorado state court requesting that court determine to whom it should refund the fee. Weis filed a cross-claim against the Trusts in the Interpleader Action seeking reimbursement of the building permit fee. The Trusts filed a motion to stay the Interpleader Action and to compel arbitration of the dispute. The Trusts recited what it claimed to be an excerpt of the arbitration provision from the purported construction contract; however the recited provision differed significantly from the actual arbitration provision contained in that document. *Compare* Aplt. App. Vol. I, at 135, *with* Aplt. App. Vol. II, at 248. Weis responded that payment of the building permit fee was not addressed or governed by any provision in the purported construction contract, but rather was based on the separate March 17, 2000 letter. The state court entered a summary order submitting the dispute to arbitration.

In May 2001, TBL Excavating, a subcontractor working on the hotel project, brought a mechanic's lien foreclosure action in Colorado state court against the Trusts for nonpayment of labor and materials costs (the "TBL Action"). TBL Excavating named Weis as a defendant because Weis was a prior lien claimant of record. Weis filed a cross-claim against the Trusts asserting its prior lien. The Trusts filed a motion to dismiss Weis' cross-claim, arguing it was subject to arbitration. The TBL Action was heard in the same court, before the

-6-

same judge, as the Interpleader Action, and the state court again entered an order, in August 2002, staying Weis' cross-claim pending arbitration.

In March 2002, the Trusts filed a demand for arbitration of the purported construction contract against Weis with the American Arbitration Association, claiming $1,423,000 in damages due to delay and increased costs caused by Weis' refusal to proceed with construction of the hotel. The Trusts' arbitration complaint did not mention or seek to arbitrate the issues raised in either the Interpleader Action or the TBL Action. *See* Aplt. App. Vol. II, at 185-89. Weis then filed the instant declaratory judgment action in federal court, claiming there was never a valid construction contract between the parties.

### III.

The Trusts contend Weis' complaint in federal district court seeks to overturn the state court orders submitting the Interpleader Action and the TBL Action to arbitration, and, therefore, that the district court lacked jurisdiction over Weis' complaint under the *Rooker-Feldman* doctrine. For substantially the reasons stated by the district court, we agree that the *Rooker-Feldman* doctrine does not apply because these state court orders are separable from and collateral to the federal complaint, and the federal court is not being asked to sit in appellate review of either state court ruling. *Weis*, 236 F. Supp. 2d at 1200-02.

-7-

The *Rooker-Feldman* doctrine precludes a party who has lost a case in state court "from seeking what in substance would be appellate review of a state judgment" in federal district court. *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (quotations omitted). "The Supreme Court has applied the *Rooker-Feldman* jurisdictional bar to two categories of claims, those (1) actually decided by a state court, or (2) 'inextricably intertwined' with a state court judgment." *Pittsburgh County Rural Water Dist. No. 7 v. City of McAlester,* 358 F.3d 694, 707 (10th Cir. 2004) (citations omitted). "This prohibition extends to all state-court decisions -- final or otherwise." *Kenmen*, 314 F.3d at 475.

There are, however, significant limitations on the scope of the doctrine. "If the purpose of a federal action is separable from and collateral to a state court judgment, then the claim is not 'inextricably intertwined' merely because the action necessitates *some* consideration of the merits of the state court judgment." *Kiowa*, 150 F.3d at 1170 (quotation omitted). We have cautioned that "Supreme Court jurisprudence . . . compel[s] a narrow reading of the 'inextricably intertwined' test." *Id*. at 1169.

Determining whether a federal claim is "inextricably intertwined" with the state court judgment may be difficult. "Although it is difficult to formulate a foolproof test, in general we must ask 'whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that

judgment.'" *Kenmen*, 314 F.3d at 476 (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). If "the state court judgment *caused*, actually and proximately, the *injury* for which the federal court plaintiff seeks *redress, . . . Rooker-Feldman* deprives the federal court of jurisdiction." *Id*. (footnote omitted). "In conducting this analysis, we must pay close attention to the *relief* sought by the federal-court plaintiff; we cannot simply compare the *issues* involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint." *Id*.

Applying these principles, we conclude that the federal district court complaint does not constitute an improper collateral attack on the state court orders. The issue before the state court in the Interpleader Action is whether Weis is entitled to a refund of the building permit fee, which obligation arose from a separate letter request dated after the purported construction contract was signed. The issue before the court in the TBL Action is whether Weis established a proper lien against the Trusts' property with respect to that permit fee. The court in the TBL Action did not order arbitration in that case until after Weis had filed its complaint in federal court. *See Weis*, 236 F. Supp. 2d at 1200 (noting that Weis could not be seeking review of the order in the TBL Action because the federal action was filed *before* the state court ruled). The state court

ordered arbitration of the permit fee dispute; it did not, however, order arbitration of the construction contract dispute.

Weis' federal court complaint does not mention, or in any way seek redress from, the state court orders submitting either the Interpleader Action or the TBL Action to arbitration. Weis has represented in its pleadings that it is willing to arbitrate the Interpleader Action and the TBL Action, Aplee. Br. at 19; Aplt. App., Vol. II at 147, and presumably would be judicially estopped from taking a contrary position in the Interpleader Action or the TBL Action. *See Estate of Burford v. Burford*, 935 P.2d 943, 947-48 (Colo. 1997) (describing Colorado's judicial estoppel doctrine). Weis *is* seeking to stay the arbitration proceedings relating to the purported construction contract, which the Trusts commenced in March 2002, but the Trusts' arbitration demand makes no mention of either the Interpleader Action or the TBL Action.

The Trusts do not dispute Weis' contention that the purported construction contract does not include any requirement or provision regarding an obligation by Weis to pay the building permit fee. Although the Trusts argued to the state court that the building fee and lien disputes were subject to arbitration under the purported construction contract, the Trusts did not then, and do not now, point to any provision of that document that relates to the permit fee dispute, nor can we find any such provision in that document. Most notably, the excerpt of the

purported arbitration provision that the Trusts recited to the state court as support for its arbitration request is clearly not the arbitration provision contained in the purported construction contract; the language is significantly, even materially, different.

In the Interpleader Action, the state court simply ordered arbitration of the dispute without mention of any arbitration agreement; in the TBL Action it stated the parties had agreed to arbitration, but made no mention of the purported construction contract. Clearly, "[t]he state court could not have made a determination regarding the validity of the [construction] contract without some discovery and factual development," *Weis*, 236 F. Supp. 2d at 1201 n.3, yet, the state court ordered arbitration without permitting any discovery, conducting any hearing, or articulating on what basis it was ordering arbitration. We cannot, on the record before us, conclude that the state court based its arbitration orders on the purported construction contract. In short, the state court did not actually decide the issue presented by Weis in the federal court action, namely, whether the purported construction contract was fraudulently induced and therefore void.

Thus, Weis is not seeking review of the matters decided by the state court, and the Trusts have not demonstrated that the question of whether there is a valid construction contract between the parties is "inextricably intertwined" with the merits of the Interpleader Action, the TBL Action, or the state court orders in

-11-

those proceedings submitting those disputes to arbitration. We conclude the district court correctly ruled that Weis' claims in the federal action "are separate, distinct, and collateral to any issues previously litigated between the parties" in state court, and, therefore, that the *Rooker-Feldman* doctrine is inapplicable. *Weis*, 236 F. Supp. 2d at 1202.

Accordingly, the motion to dismiss is DENIED; the judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge